STATE of Missouri, Respondent,

v.

James Carl BAKER, Appellant.

No. KCD 27634.

Missouri Court of Appeals,
Kansas City District.

Nov. 3, 1975.

Rehearing Denied Dec. 8, 1975.

George R. Lilleston, Lilleston & Roberts, Clinton, for appellant.

John C. Danforth, Atty. Gen., Preston Dean, Asst. Atty. Gen., Jefferson City, for respondent.

Before SWOFFORD, P. J., and WELBORN and HIGGINS, Special Judges.

ANDREW JACKSON HIGGINS, Special Judge.

James Carl Baker was convicted by a jury of robbery, first degree, by means of a dangerous and deadly weapon, of C. W. Kemper, II; and of assault with intent to maim Myrna B. Kemper with malice aforethought. The jury assessed his punishment at imprisonment for fifty years for the robbery and for forty years for the assault. Sentence and judgment were rendered accordingly and the court ordered the sentences to run consecutively. §§ 560.120, 560.135, 559.180, RSMo 1969, V.A.M.S.; Rule 24.04, V.A.M.R.

■ The defense was alibi; and other than to assert (Point II) that the court erred "in not granting defendant a new trial for the reason that the verdict of the jury was contrary to the weight and preponderance of all the evidence and not supported by substantial evidence," appellant does not question the sufficiency of evidence to sustain his conviction. Such an assignment is not sufficient to preserve anything for review. Rule 27.20, V.A.M.R.; State v. Rohman, 261 S.W.2d 69 (Mo.1953); State v. Jackson, 477 S.W.2d 47, 53[11] (Mo. 1972); State v. Vineyard, 497 S.W.2d 821 (Mo.App.1973).

A submissible case may be demonstrated from appellant's statement of facts:

" * * * Clarence W. Kemper II testified that he was the manager of Keil's Jewelry Store in Clinton, Henry County, Missouri on April 13, 1974. He stated that his father owned the store and merchandise. He identified the Defendant as being present in the Keil's Jewelry Store on April 13, 1974 at approximately 5:00 P.M. He further stated that the Defendant was accompanied by another man known now to him as Defendant's brother (Russell Levi Baker). He testified that Defendant's brother, Russell Baker, shot him. He testified that he and his wife, Myrna Kemper were led to the back of the store and told to lie on the floor. Further, that he heard showcase doors slide open; that a checkbook was removed from his pocket and that he was kicked.

" * * * Myrna Kemper identified the Defendant as having been in Keil's Jewelry Store in Clinton, Henry County, Missouri on April 13, 1974. She testified the Defendant hit her over the back of the head with the handle of a gun."

■ Appellant contends the court erred (I) in allowing the State during closing argument to read from a document not introduced in evidence. See State v. Edmundson, 218 S.W. 864 (Mo. banc 1920); State v. Campbell, 210 Mo. 202, 109 S.W. 706 (1908). The document in question was a transcript of proceedings upon the plea of guilty entered by defendant's brother, Russell Levi Baker, to the robbery charge. Appellant argues that it was prejudicial and cause for reversal because the statement contained a reference to participation of defendant in the robbery and assault for which he was then on trial.

The difficulty in appellant's contention is that although not offered and received as documentary evidence, the subject matter in question was read in evidence prior to the State's argument and comment thereon was therefore appropriate.

Russell Levi Baker testified in his brother's behalf that he pleaded guilty to commission of the robbery in question and that James was not with him in the robbery. During his cross-examination he was confronted with the document in question, a transcript of proceedings upon his plea of guilty July 3, 1974, and the testimony in question came into evidence without objection, viz:

"Q [by Mr. Sanders for the State]. Mr. Baker, isn't it a fact that—Page 23, Line 20—that at that hearing where you entered your plea you were asked the following question:

" 'Q. Mr. Baker, if I may just reiterate this, let me tell you what the prosecutor's understanding of the situation is and you can tell me whether or not this is correct.

" 'It is my understanding that on the 13th day of April, 1973, excuse me, 1974, in Henry County, that you and James Baker went

into the Keil Jewelry Store in Clinton, Missouri; that you shot Mr. Kemper, as we have stated, because you felt he was stalling you or delaying you, you then went to the back of the store, took watches and rings from the store and left with him still in the back, is that your understanding?

" 'A. Yes.' "

■ "At the request" of appellant, counsel asserts (III) that the information alleging violation of "the second offender's act" removes the question of punishment from the jury and makes the sentence assessed by the jury unlawful; (IV) that the allegation in the original information "and to perpetuate [sic] several such crimes" prejudiced the jurors; (V) that the absence of certain "requested and/or subpoenaed alibi witnesses" resulted in denial of a fair trial; (VI) that State's question seeking in-court identification were so suggestive as to deny defendant a fair trial; (VII) that the court erred in imposing consecutive sentences "for the reason that the imposition of sentence by the court was the proper function of the jury and invaded the province of the jury"; (VIII) that the court erred in not allowing defendant to be present when the jury panel was selected for jury duty; (IX) that the court erred in allowing the State to cross-examine Russell Levi Baker from the transcript of his guilty plea; (X) that the court erred in allowing the State in its closing argument to recommend to the jury a forty-year punishment on the assault charge.

The foregoing abstract statements and alleged errors (Points III–X) are not for review because they are not supported by timely objection or presentation in the motion for new trial as required by Rule 27.20, V.A.M.R.

Nor are they incidents of plain error under Rule 27.20(c), V.A.M.R.:

■ Assignment III was cured at the close of the State's case when the trial information was amended by deleting the allegations of prior conviction.

■ Assignment IV was cured when the allegedly prejudicial language in the original information was omitted from the amended information upon which defendant was tried.

■ Assignment V is not supported by an application for continuance on account of absent witnesses in compliance with Section 510.100, RSMo 1969, and defendant is deemed to have elected to proceed to trial without such witnesses.

Assignments VI, VII, VIII, IX, and X are without support by argument or authority, *State v. Orr,* 493 S.W.2d 374 (Mo.App.1973); and, in particular, with respect to assignment X, the record shows that the State argued punishment on both charges in the opening argument, thereby according the defendant the opportunity to answer in his argument, *State v. Peterson,* 423 S.W.2d 825 (Mo.1968).

Judgment affirmed.

All concur.