STATE of Missouri, Respondent,

v.

Bruce Arden KEITH, Appellant.

No. 17046.

Missouri Court of Appeals, Southern District.

July 3, 1991.

Samuel J. Short, Jr., Stockton, for appellant.

William L. Webster, Atty. Gen., John P. Pollard, Asst. Atty. Gen., Jefferson City, for respondent.

PER CURIAM.

Appellant Bruce Arden Keith waived trial by jury and, upon trial by court, was found guilty of two crimes:

Count I: the class C felony of possessing more than thirty-five grams of marijuana on or about September 14, 1989, in violation of § 195.202, RSMo Cum. Supp.1989;

Count II: the class B felony of manufacturing more than five grams of marijuana on or about September 14, 1989, in violation of § 195.211, RSMo Cum. Supp.1989.

The trial court sentenced appellant to two years' imprisonment on Count I and five years' imprisonment on Count II, to be served concurrently.

Appellant's brief presents one point relied on; it reads:

"The trial court erred in overruling defendant-appellant's motions for judgment of acquittal at close of State's evidence and at close of all evidence because there was no substantial evidence for the court to find the defendant-appellant, Bruce Arden Keith, guilty of Count I, possession of more than thirty-five grams of marijuana or guilty of Count II, manufacturing more than five grams of marijuana, beyond a reasonable doubt, in that the evidence was not consistent with the guilt of the defendant-appellant on each count and inconsistent with every reasonable hypothesis of innocence."

Rule 30.06, Missouri Rules of Criminal Procedure (1990), sets forth the requirements for briefs in appeals of criminal cases. Paragraph "(d)" of the Rule reads:

"The points relied on shall state briefly and concisely what actions or rulings of the court are sought to be reviewed and wherein and why they are claimed to be erroneous...."

Appellant's point relied on does not state wherein and why there was no substantial evidence to support the trial court's findings of guilty, nor does the point contain any hint as to wherein and why the evidence was inconsistent with appellant's guilt and failed to refute every reasonable hypothesis of his innocence.

Similar points relied on have been uniformly held to preserve nothing for appellate review. *State v. Jackson*, 477 S.W.2d 47, 53 (Mo.1972); *State v. Casey*, 683 S.W.2d 282, 285–86 (Mo.App.1984); *State v. Brown*, 554 S.W.2d 574, 580–81 (Mo.App. 1977); *State v. Baker*, 548 S.W.2d 572, 573 (Mo.App.1975). Applying those cases, we hold appellant's point preserves nothing for review.

We have nonetheless examined the 281-page transcript to determine whether plain error relief is warranted per Rule 30.20.[1] Under the plain error rule, relief is granted only when an error so substantially affects

1. We have been unable to review the exhibits received in evidence at trial. By letter of May 23, 1991, to counsel for the parties, the Clerk of this Court requested any exhibits pertinent to the issues on appeal be filed with this Court no later than June 3, 1991. No exhibits were filed.

the rights of the accused that manifest injustice or miscarriage of justice inexorably results if left uncorrected. *State v. Burgess*, 800 S.W.2d 743, 746[7] (Mo. banc 1990).

None of the matters complained of by appellant in the argument portion of his brief resulted in manifest injustice or miscarriage of justice. Consequently, appellant is ineligible for plain error relief.

Judgment affirmed.