**STATE of Missouri, Respondent,**

v.

**Martin John HIGGINS, Appellant.**

**No. 18145.**

Missouri Court of Appeals,
Southern District,
Division Two.

April 27, 1993.

John T. McMullan, Pelts, Stokley and Turnbow, Kennett, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Hugh L. Marshall, Asst. Atty. Gen., Jefferson City, for respondent.

MONTGOMERY, Presiding Judge.

Martin John Higgins (Defendant) waived jury trial and, upon trial by court, was found guilty of the class B felony of sodomy, in violation of § 566.060.[1] He was sentenced to three years' imprisonment and now brings this appeal.

The information charged in pertinent part that on or about August 17, 1990, Defendant had deviate sexual intercourse with C.H. who was then less than fourteen years of age and to whom Defendant was not married. Defendant is the paternal grandfather of C.H.

C.H. was eleven years old at the time she testified at trial and was nine years of age at the time of the incident charged. Prior to August 17, 1990, C.H. and her brother (an eighth grader at the time of trial) often visited with their paternal grandparents who lived in Clarkton, Missouri. During that time C.H. and her brother lived with their mother in Dexter, Missouri.

C.H. testified that two weeks before school started in Dexter on August 21, 1990, her grandmother Higgins (wife of Defendant), her aunt Annette and cousin Brittany picked her and her brother up to go to her grandparents' home. They stopped at Wal–Mart, where her two-year-old cousin Brittany fell from a shopping cart and required an emergency trip to the hospital. C.H. and her brother were returned to Dexter rather than spending the night with their grandparents. That date was August 7, 1990. The weekend after the weekend following the Wal–Mart incident, C.H. testified her grandmother took her with her brother to Clarkton. That weekend commenced on Friday, August 17, 1990. They stopped at their grandparents' bar in Clarkton where her grandmother remained to work the evening shift. De-

---

1. Statutory references are to RSMo 1986 unless otherwise indicated.

fendant took the children to the grandparents' home where supper was prepared. After supper Defendant and the children watched TV. Later, C.H.'s brother went to bed. Defendant was lying on the couch and asked C.H. to come over and sit with him. She testified that Defendant "played with my boobs and my vagina" after he "put his hands down my panties." She stated Defendant had done this about fifteen to twenty times previously.

The deposition of C.H. was taken on February 27, 1992, before the trial commenced on March 11, 1992. In the deposition C.H. testified contrary to her trial testimony in that she stated the incident with Defendant occurred on the date of Brittany's injury.

■ Defendant's first point claims the "trial court erred by admitting, over the objection of the [Defendant], testimonial evidence presented by the alleged victim which directly contradicted her deposition testimony, causing the [Defendant], who was improperly not apprised of such a change of testimony until the trial, unfair and prejudicial surprise."

This point does not comply with Rule 30.06[2] which sets forth the requirements for briefs in appeals of criminal cases. Paragraph (d) of the rule provides, in part:

The points relied on shall state briefly and concisely what actions or rulings of the court are sought to be reviewed and wherein and why they are claimed to be erroneous with citations of authorities thereunder.

Defendant's point relied on does not state wherein and why the trial testimony of the victim caused Defendant to suffer "unfair and prejudicial surprise," nor does it reveal wherein and why it was improper that Defendant was not notified of such change in testimony.

■ A point written in violation of Rule 30.06(d) that cannot be understood without resorting to the transcript or argument section of the brief preserves nothing for appellate review. *State v. Smith,* 770 S.W.2d 469, 472 (Mo.App.1989); *State v. Gamble,* 649 S.W.2d 573, 576 (Mo.App.1983).

■ In addition, the only two cases cited by Defendant under this point are *Pulitzer v. Chapman,* 337 Mo. 298, 85 S.W.2d 400 (1935), and *Woelfle v. Connecticut Mut. Life Ins. Co.,* 234 Mo.App. 135, 112 S.W.2d 865 (1938). Neither case is authority for the point made by Defendant, thus violating another requirement of Rule 30.06(d). We are not required to review points or arguments thereunder when they appear without citation of applicable authority. *Gamble,* 649 S.W.2d at 576. Absent proper explanation concerning why no authority is cited, points relied on without citations are deemed waived or abandoned. *State v. Meadows,* 785 S.W.2d 635, 641 (Mo.App.1990). Regardless, we may exercise our discretion to review this point for plain error resulting in manifest injustice or a miscarriage of justice. Rule 30.20.

Resorting to Defendant's argument, the best we can determine is that he claims the prosecutor violated § 491.075.3.[3] Apparently the prosecutor talked to C.H. three days before trial and learned she would testify the incident in question occurred on August 17, 1990, in opposition to her deposition testimony. Defendant claims § 491.-075.3 required the prosecutor to reveal the change in the child's testimony before trial which would have allowed him to prepare his alibi defense.

Section 491.075 pertains to the admissibility of statements of a child under twelve years of age when certain offenses are involved. It reads, in pertinent part:

1. A statement made by a child under the age of twelve relating to an offense under chapter 565, 566 or 568, RSMo, performed with or on a child by another, *not otherwise admissible by statute or court rule,* is admissible in evidence in criminal proceedings in the courts of this state as substantive evidence to prove the truth of the matter asserted if:

(1) The court finds, in a hearing conducted outside the presence of the jury that the time, content and circumstances of the statement provide sufficient indicia of reliability; and

---

**2.** Rule references are to Missouri Rules of Court (1993).

**3.** Statutory references are to RSMo 1986.

(2) The child either:

(a) Testifies at the proceedings; or

(b) Is unavailable as a witness.

    . . . .

3. A statement may not be admitted under this section unless the prosecuting attorney makes known to the accused or his counsel his intention to offer the statement and the particulars of the statement sufficiently in advance of the proceedings to provide the accused or his counsel with a fair opportunity to prepare to meet the statement. (Emphasis added.)

■ When subsection 3 is read in context with the entire statute, it is obvious that Defendant incorrectly views the purpose of the statute. Section 491.075 only involves admissibility of a child victim's statement to another person which would ordinarily be inadmissible as hearsay except for the statute. *See, e.g., State v. Blue,* 811 S.W.2d 405, 407–08 (Mo.App. 1991); *State v. Zamora,* 809 S.W.2d 83, 86 (Mo.App.1991). The statute has no application to the child's own testimony at trial. C.H.'s testimony as to the date of the offense was admissible without regard to any assistance from § 491.075. Therefore, the prosecutor had no obligation to comply with subsection 3 to render C.H.'s testimony admissible.

■ Furthermore, Defendant was not hindered in presenting his alibi defense. Both he and his wife testified that preparations for a fish fry to occur on August 18, 1990, made it necessary to return the children to their home on the 17th about 1:00 p.m. The information charged the crime occurred on August 17, 1990, and the State's evidence revealed it occurred that evening. Defendant's alibi defense squarely met the State's evidence. We find no plain error resulting in manifest injustice or a miscarriage of justice regarding Point I and it is denied.

■ In Point II, Defendant asserts the "trial court erred by allowing into evidence out of court statements by the alleged victim that did not qualify as admissible non-hearsay statements as defined in § 801(d)(C) of the Missouri Rules of Evidence."

Like Point I, this point is penned in complete disregard of Rule 30.06(d) and, for the reasons stated in Point I, preserves nothing for appellate review. As written, the point fails to state wherein and why the unspecified out-of-court statements by the victim do not qualify as admissible non-hearsay statements.

Our review is further thwarted by our inability to locate any treatise or publication entitled *Missouri Rules of Evidence.* Believing Defendant would enlighten us with the contents of § 801(d)(C), we turned to the argument section of his brief and learned nothing. No further reference to this publication is found there. The State's brief surmises that "no such provisions exist."

■ Reluctantly, we review for plain error. Defendant argues his hearsay objection to the testimony of Corporal Shirley Alexander should have been sustained. She testified of her interview with C.H. in October 1990 in which C.H. related her grandfather had touched her in a private area. From Defendant's discussion of *State v. Wright,* 751 S.W.2d 48 (Mo. banc 1988), we assume the error addressed is the failure of the trial court to hold a hearing as required by § 491.075.1(1).

In *State v. Langlois,* 785 S.W.2d 679 (Mo.App.1990), the Court reviewed a point for plain error which alleged the trial court failed to conduct a hearing under § 491.075 in order to determine if a child victim's statements were reliable. Relying on *State v. Fogle,* 743 S.W.2d 468, 470 (Mo. App.1987), Defendant's point was denied, regardless of the lack of a hearing, because the challenged testimony was cumulative to the evidence elicited from the child victim who testified at trial and was competently cross-examined by defendant's counsel.

Here, the challenged testimony of Corporal Alexander was cumulative to the trial testimony of C.H. who was fully cross-examined by Defendant's counsel. We find no manifest injustice or miscarriage of justice will result if plain error relief is not granted. Point II is without merit.

■ Defendant's last point reads:

The trial court erred in finding the [Defendant] guilty beyond a reasonable doubt because insufficient evidence to support such a finding was presented by the State.

The infirmities of this point and its violation of Rule 30.06(d) are readily apparent. The point does not state wherein and why the evidence was insufficient to support the trial court's finding of guilt. In *State v. Keith*, 811 S.W.2d 70 (Mo.App.1991), we ruled a similar point preserved nothing for our review and we so rule here.

 Nevertheless, we have carefully read the entire transcript of 197 pages to determine if plain error relief is warranted. Rule 30.20. Examination of Defendant's one-page argument leaves us convinced the matters complained of did not result in manifest injustice or miscarriage of justice. Defendant is not entitled to plain error relief on this point.

Judgment affirmed.

FLANIGAN and PREWITT, JJ., concur.