**STATE of Missouri, Appellant,**

v.

**Mary McDONALD, Respondent.**

No. 18383.

Missouri Court of Appeals,
Southern District,
Division One.

May 20, 1993.

Jeremiah W. (Jay) Nixon, Atty. Gen., Michael J. Runzi, Asst. Atty. Gen., Jefferson City, for appellant.

Ellen H. Flottman, Office of the State Public Defender, Columbia, for respondent.

PER CURIAM.

Respondent, Mary McDonald, tried as a prior offender, § 558.016.2, RSMo Cum.

Supp.1990, was found guilty by a jury of the class C felony of stealing property of the value of $150 or more, § 570.030, RSMo 1986. Afterward, Respondent filed a timely motion for judgment of acquittal, Rule 27.07(c),[1] or new trial, Rule 29.11. The trial court entered this order:

> Motion for Judgment of Acquittal ... taken up and heard. Motion sustained. Judgment of acquittal entered.

The State appeals. § 547.200.2, RSMo 1986; *State v. Couch,* 793 S.W.2d 599, 601[2] (Mo.App.E.D.1990). The State's sole point relied on reads:

> The trial court erred in granting Respondent's motion for judgment of acquittal after the jury rendered a verdict of guilty because the evidence and all inferences viewed in a light most favorable to the verdict was sufficient for 12 reasonable persons to have found Appellant [sic] guilty of stealing under § 570.030, RSMo 1986.

Respondent maintains the State's point is insufficient to present anything for review. We agree.

Rule 30.06 sets forth the requirements for briefs in appeals of criminal cases. Paragraph "(d)" of the Rule reads:

> The points relied on shall state briefly and concisely what actions or rulings of the court are sought to be reviewed and wherein and why they are claimed to be erroneous....

The State's point relied on does not state wherein and why the evidence was sufficient to support the verdict, nor does the point indicate whether the evidence made a submissible case that Respondent (a) committed the theft herself, or (b) aided another in committing it.[2]

Respondent cites *State v. Keith,* 811 S.W.2d 70 (Mo.App.S.D.1991). There, an accused appealed from a conviction of two

1. Rule references are to Missouri Rules of Criminal Procedure (1992).

2. The evidence showed Respondent was accompanied by another woman when the theft—shoplifting—occurred. The only reasonable inference supported by the evidence is that Respondent's companion carried the stolen merchandise from the store, concealed in a "hobo" bag. Inexplicably, the verdict-directing instruction hypothesized Respondent herself committed the theft. The State's brief appears to abandon that theory, but argues the evidence was sufficient to support a conviction "on the theory of accomplice liability."

crimes. His lone point relied on asserted there was no substantial evidence to support a finding of guilty on either count "in that the evidence was not consistent with the guilt of the defendant-appellant on each count and inconsistent with every reasonable hypothesis of innocence." *Id.* at 71. This Court held the point insufficient to present anything for review, as it did not state wherein and why there was no substantial evidence to support the findings of guilty and contained no hint as to wherein and why the evidence was inconsistent with the accused's guilt and failed to refute every reasonable hypothesis of his innocence. *Id.*

Similar circumstances exist here. The State's point yields no clue as to what evidence made a submissible case against Respondent, or wherein and why the evidence was sufficient to support the verdict. Applying *Keith* and the precedents cited there, 811 S.W.2d at 71, we hold the State's point presents nothing for review.

The judgment of acquittal is affirmed.