**STATE of Missouri, Plaintiff–Respondent,**

v.

**Tom RABE, Defendant–Appellant.**

**No. 18611.**

Missouri Court of Appeals,
Southern District,
Division Two.

Jan. 31, 1994.

Motion for Rehearing and/or Transfer to Supreme Court Denied Feb. 22, 1994.

---

**3.** The defendant nor any one on her behalf testified.

Paul F. Sherman, Daniel, Clampett, Lilley, Dalton, Powell & Cunningham, Springfield, for defendant-appellant.

Thomas E. Mountjoy, Pros. Atty., Rose A. Barber, Asst. Pros. Atty., Greene County, Springfield, for plaintiff-respondent.

PREWITT, Judge.

Following nonjury trial defendant was found guilty of operating a motor vehicle while intoxicated. Defendant presents two points relied on. His first point states:

The trial court erred in finding defendant guilty based on breath testing by Bac Verifier No. 509219 in that findings of the first and second tests were destroyed by Trooper Banasik and unavailable so that the best evidence rule was violated; State of Missouri Division of Health rules, regulations, standards and procedures were ignored and violated; the results remaining of the Bac Verifier were insufficient, unreliable, and their admission erroneous and the matter should be reversed in favor of defendant.

■ This point appears to contain three separate grounds. The first, regarding the "best evidence rule" is premised on defendant's contention that four separate breath tests were given. They were attempted but whether defendant tried to take the first two is in dispute. The highway patrolman giving them said defendant appeared to intentionally cough and did not properly blow into the machine. If so, the trial court could have determined that neither of the first two occasions constituted a test. *See Askins v. James,* 642 S.W.2d 383, 386 (Mo.App.1982).

■ Moreover, the best evidence rule does not apply to the result of a previous test, if there was such, whose result was not offered into evidence. The prior tests were independent of the test results offered in evidence and the documents "destroyed" were of different tests. The best evidence rule has no application here. *See State v. Strothers,* 798 S.W.2d 723, 724 (Mo.App. 1990); *State v. Simpson,* 718 S.W.2d 143, 148 (Mo.App.1986).

■ The remaining two contentions stated in this point do not comply with Rule 30.06(d) as the point "shall state briefly and concisely what actions or rulings of the court are sought to be reviewed and wherein and why they are claimed to be erroneous". The second contention refers to Division of Health rules, regulations, standards and procedures, but does not state how they were "ignored and violated". The third contention does not say why the results of the test were "insufficient, unreliable and their admission erroneous".

■ Three things are required to comply with the "wherein" and "why" requirements: (1) a statement of the action or ruling complained of; (2) why the ruling was erroneous; and (3) wherein the evidence or other matter supports the position the party asserts the trial court should have taken. *Carrier v. City of Springfield,* 852 S.W.2d 196, 198 (Mo.App.1993). An insufficient point preserves nothing for review. *Bentlage v. Springgate,* 793 S.W.2d 228, 231 (Mo.App. 1990). Point one is denied.

■ For his second point defendant states the trial court erred in allowing evidence of the breathalyzer machine because defendant was given four tests. He relies upon § 577.-020.2, RSMo 1986, which states that the implied consent to submit to clinical tests "shall be limited to not more than two such tests arising from the same arrest, incident or charge."

In view of the testimony indicating that defendant intentionally was trying to avoid the test, the trial judge could have found that the first two attempts by the officer to have defendant take the test were a nullity and only the last two tests were administered. *Askins,* 642 S.W.2d at 386. In addition, there was evidence that the last test was taken at the request of defendant who apparently did not agree with the test just prior. Point two is denied.

The judgment is affirmed.

FLANIGAN, P.J., and GARRISON, J., concur.