**STATE of Missouri, Respondent,**

v.

**Bobby Ray CONAWAY, Appellant.**

**Bobby Ray CONAWAY, Appellant,**

v.

**STATE of Missouri, Respondent.**

**Nos. 18205/19752.**

Missouri Court of Appeals,
Southern District,
Division One.

Nov. 21, 1995.

Motion for Rehearing or Transfer
Denied Dec. 12, 1995.

Charles M. Shaw Law Firm by Bradley S. Dede, Clayton, for appellant.

Jeremiah W. (Jay) Nixon, Attorney General, Stacy L. Anderson, Assistant Attorney General, Jefferson City, for respondent.

PER CURIAM.

Following jury trial, Bobby Ray Conaway (Defendant) was convicted of burglary in the first degree (Count I), rape (Count II), sodomy (Count III), felonious restraint (Count IV), and assault in the first degree (Count V). He was sentenced to the following consecutive terms of imprisonment: Count I, 15 years; Count II, life; Count III, life; Count IV, 7 years; Count V, 15 years. Defendant appeals his convictions in appeal 18205.

After sentencing, Defendant filed a motion seeking postconviction relief under Rule 29.15.[1] That motion was denied after an evidentiary hearing. Defendant appeals from that denial in appeal 19752. Pursuant to Rule 29.15(*l*) the appeals were consolidated.

Defendant presents three points relied on, one directed to appeal 19752 and two directed to appeal 18205. We address the former appeal first.

### No. 19752

With an astonishing lack of regard for the briefing requirements of Rule 84.04(d),[2] Defendant offers the following point relied on:[3]

Defendant was denied his right to effective assistance of counsel and due process of law as guaranteed by the Sixth and Fourteenth Amendments to the United States Constitutions and Article One, Sections 10 and 18[a] of the Missouri Constitution at trial, and as a result thereof Appellant was prejudiced.

■ The State strongly suggests that we should decline to review this point because it fails to comply with the "wherein and why" requirements of Rule 84.04(d) and because Defendant fails to cite authority in support of

---

1. Rule references are to Missouri Rules of Court (1995), unless otherwise indicated.

2. A Rule 29.15 proceeding is in the nature of a civil action, and the procedure in the motion court and on appeal is governed by the rules of civil procedure insofar as applicable. Rule 29.15(a); *Tate v. State*, 773 S.W.2d 190, 192 (Mo.App.1989).

3. Defendant's appellate counsel is not the same attorney who represented him during trial. However, Defendant's appellate counsel represented him during the Rule 29.15 proceedings.

his arguments. The State's position has merit.

Rule 84.04(d) sets forth certain requirements for an appellant's point relied on. That section provides:

> The points relied on shall state briefly and concisely what actions or rulings of the court are sought to be reviewed and wherein and why they are claimed to be erroneous....

> Setting out only abstract statements of law without showing how they are related to any action or ruling of the court is not a compliance with this Rule.

■ A point relied on that is written contrary to the mandatory requirements of Rule 84.04(d) which cannot be comprehended without resorting to other portions of the brief preserves nothing for appellate review. *Neal v. State*, 796 S.W.2d 112, 113 (Mo.App.1990).

■ Compliance with Rule 84.04(d) is thoroughly discussed in the oft-cited case of *Thummel v. King*, 570 S.W.2d 679 (Mo. banc 1978). The three components of a point relied on are:

> (1) a concise statement of the challenged ruling of the trial court,

> (2) the rule of law which the court should have applied (the *why* of Rule 84.04(d)), and

> (3) the evidentiary basis upon which the asserted rule is applicable (the *wherein* of Rule 84.04(d)).

*Estate of Goslee*, 807 S.W.2d 552, 556 (Mo. App.1991). *See Thomas v. Smithson*, 886 S.W.2d 951, 952 (Mo.App.1994).

Defendant's point is seriously deficient because it fails to set forth (1) the challenged ruling of the motion court, (2) the rule of law which the motion court should have applied, and (3) the evidentiary basis upon which the asserted rule is applicable. At the most, Defendant's point is merely an abstract statement of law without showing how it is related to any action or ruling of the motion court. Even a careless reading of Rule 84.04(d) plainly indicates that a point written in this manner "is not a compliance with this Rule." Clearly, Defendant's point falls woefully short of compliance with the briefing requirements of the stated rule. Allegation of error not properly briefed shall not be considered in any civil appeal. Rule 84.13(a).

■ Because this is a serious case, we would be inclined to review this point for plain error under rule 84.13(c). However, our inclination is thwarted by the lack of argument in Defendant's brief which provides any assistance for meaningful plain error review. For example, we produce verbatim one of Defendant's eleven claims of ineffective assistance of counsel in his four-page argument:

> Trial counsel for Defendant failed to provide and review a copy of the discovery provided in this case with Defendant. Had counsel provided and reviewed the discovery and police reports with Defendant, Defendant could have provided additional information and insight in support of his defense.

This terse claim contains no hint of what "additional information and insight" Defendant could have provided his trial counsel after reviewing the police reports and discovery. We are left to speculate on how Defendant could have aided his defense counsel. Furthermore, like his other ten claims, this claim fails to cite a single authority for the proposition advanced. When an appellant cites no authority and offers no explanation why precedent is unavailable, appellate courts consider the point waived or abandoned. *Freeman v. State*, 765 S.W.2d 334, 335 (Mo.App.1989).

■ These obvious briefing deficiencies prevent us from attempting plain error review. It is not the duty of an appellate court to become an advocate for the appellant and search the record for error. *Thompson v. Thompson*, 786 S.W.2d 891, 892 (Mo.App. 1990). In essence, Defendant's point and argument is little more than an invitation for this Court to examine the record for error. We decline and dismiss this appeal.

### No. 18205

Defendant's two points relied on in this appeal read as follows:

## I

The trial court was clearly erroneous in overruling objections, motions in limine, and Defendant's motion for directed verdict at the close of the State's evidence and at the end of trial for the reasons that evidence and testimony admitted concerning genetic testing and comparison of Defendant's DNA to that of any DNA found at the residence of the victim was not generally accepted in the forensic scientific community. The methods and procedures used in testing the DNA were both faulty and unreliable and lacked proper foundation. All in violation of the Defendant's due process rights.

## II

The trial court was clearly erroneous in overruling Defendant's motion for directed verdict and motion to withdraw any evidence concerning blood work of the Defendant, Timothy Hill, and Julia Yahl for the reasons that there was insufficient evidence to establish chain of custody, or credibility of the State's expert witness and there was no evidence from which a rational trier of fact could find the essential elements of the crimes charged beyond a reasonable doubt.[4]

The points relied on fall far short of compliance with Rule 30.06(d), which is the rule of appellate criminal procedure identical to Rule 84.04(d). We have earlier set forth the latter rule in this opinion.

■ As in a civil appeal, three things are required to comply with the "wherein" and "why" requirements of Rule 30.06(d): (1) a statement of the action or ruling complained of; (2) why the ruling was erroneous; and (3) wherein the evidence or other matter supports the position the party asserts the trial court should have taken. *State v. Rabe,* 870

S.W.2d 453, 455 (Mo.App.1994). "An insufficient point preserves nothing for review." *Id.*

■ Point I fails to state wherein and why (1) the genetic testing and comparison of Defendant's DNA to that of DNA found at the victim's residence "was not generally accepted in the scientific community," (2) the methods and procedures used in the DNA testing were faulty, unreliable and lacked proper foundation, and (3) Defendant's due process rights were violated.

■ Point II fails to state wherein and why (1) the evidence was insufficient to establish a chain of custody of the blood work of Defendant, Timothy Hill (an earlier suspect), and Julia Yahl (the victim), and (2) the evidence was insufficient for a rational trier of fact to find the essential elements of the crimes charged beyond a reasonable doubt.[5]

■ We have attempted to glean from Defendant's argument the precise trial court errors of which he complains. We find little assistance because none of the propositions advanced are supported by citations of authority and no reason is given for the absence of such authority. Rule 30.06(d) requires that points relied on be supported "with citations of authorities thereunder." We are not required to review points or arguments when they appear without citation of applicable authority. *State v. Higgins,* 852 S.W.2d 172, 175 (Mo.App.1993). When no authority is cited and no explanation is given, points relied on are deemed waived or abandoned. *Id.*

Defendant's brief is similar to the brief discussed in *Carpenter v. Vaughn,* 888 F.Supp. 635 (M.D.Pa.1994), where the court said:

It is not the customary practice, nor even an acceptable practice, before this

---

4. In both points relied on, Defendant groups more than one issue in a single point. Separate issues should be stated in separate points. *In re Marriage of Cohen,* 884 S.W.2d 35, 37 n. 1 (Mo. App.1994). *See Thummel v. King,* 570 S.W.2d at 688; *DeCota Elec. & Indus. Supply v. Continental Casualty Co.,* 886 S.W.2d 940, 941 (Mo.App. 1994). However, this briefing deficiency is less serious than the deficiencies discussed *infra.*

5. If Defendant's Point II requests this Court to pass on the credibility of the State's expert witnesses, his request cannot be addressed. In reviewing a challenge to the sufficiency of the evidence, this Court does not weigh the evidence nor determine the credibility of the witnesses. *State v. Garrett,* 829 S.W.2d 622, 624 (Mo.App. 1992).

court to provide a brief, memorandum or other document which simply lists issues and directs the court to a place where it can do its own research. Our Chief Judge stated the principle as follows: " 'Judges are not like pigs, hunting for truffles buried in briefs.' ... A litigant who fails to press a point by supporting it with pertinent authority or by showing why it is a good point despite a lack of authority ... forfeits the point." The same principle applies to this case: It is the litigants' role to present their case to the court, not vice versa.

*Id.* at 648 (citations omitted).

■ Consistent with the view expressed in *Carpenter*, our appellate courts have said that "[i]t is not our duty or responsibility to spend judicial time searching through legal files, transcript or argument portions of briefs in an attempt to interpret the thrust of a party's contentions and correct counsel's deficiencies." *Green v. Lutheran Charities Ass'n*, 746 S.W.2d 154, 156 (Mo.App.1988). *See Draper v. Aronowitz*, 695 S.W.2d 923, 924 (Mo.App.1985).

■ We have endeavored to seize upon a basis to review Points I and II for plain error under Rule 30.20. However, Defendant's failure to identify wherein and why the trial court erred, along with his failure to cite relevant authority, dictates against plain error review. Generally, when an appellant fails to identify wherein and why the trial court erred, plain error review is not appropriate. *Arenson v. Arenson*, 787 S.W.2d 845, 846 (Mo.App.1990). "Examination of the case would require this court to scour the record on appeal to identify possible errors [and] then research any issue so revealed. That is the duty of the parties, not the function of an appellate court." *Id.*

One example of why plain error review is unwarranted comes from an argument under Point II. There, Defendant states:

The evidence at trial clearly shows that the expert witness' testimony concerning the DNA tests lacks sufficient credibility. The evidence also shows that the victim had not clearly seen the face of her assailant, in order to properly identify him in a

lineup, and that no rational trier of fact could find the essential elements of the crimes charged beyond a reasonable doubt.

First, this Court does not weigh the evidence nor determine the credibility of witnesses. *See supra* note 5. Second, this argument provides no clue as to which elements Defendant believes are unproven regarding the five crimes involved in this appeal. Clearly, this imprecise argument is nothing more than an invitation for this Court to search the record for error.

The following observation from *State v. Jones*, 786 S.W.2d 926, 928 (Mo.App.1990), applies here:

The primary function of an appellate court is one of review. Where appellants do not make clear what is to be reviewed, we are hamstrung. It is improper use of judicial time and resources to sift through a record in order to find clues regarding what is being argued on appeal. Not only is this unfair to the court, it is also unfair to respondent, who must answer the unanswerable. It is unfair to the system, as a case such as this interferes with the orderly administration of justice and case flow.

For the reasons stated, the appeals in 18205 and 19752 are dismissed.