STATE of Missouri, Respondent,

v.

Michael Beals ELLIS, Appellant.

No. 21100.

Missouri Court of Appeals,
Southern District,
Division Two.

July 29, 1997.

Michael Beals Ellis, Carrollton, pro se.

No appearance for respondent.

MONTGOMERY, Chief Judge.

After a non-jury trial, the trial court convicted Michael Beals Ellis (Defendant) of operating a motor vehicle without a valid operator's license in violation of § 302.020.1(1), RSMo 1994. The court fined Defendant $10 "plus $37 court costs."

Defendant appeals apparently attempting to raise two points challenging his conviction and sentence. We dismiss the appeal.

Defendant almost totally disregards the briefing requirements of Rule 30.06.[1] The brief of an appellant in a criminal case "shall contain: (1) A concise statement of the grounds on which jurisdiction of the review court is invoked; (2) A statement of the facts; (3) The points relied on; and (4) An argument which shall substantially follow the order of 'Points Relied On.'" Rule 30.06(a).

■ Defendant's brief does not contain (1) a jurisdictional statement, (2) a statement of facts that are "a fair and concise statement of the facts relevant to the questions presented for determination," as required by Rule 30.06(c), or (3) points relied on which even remotely comply with Rule 30.06(d).

■ The primary purpose of the statement of facts is "to afford an immediate, accurate, complete and unbiased understanding of the facts of the case. . . ." *Wipfler v. Basler*, 250 S.W.2d 982, 984 (Mo.1952). Appellant's fact statement totally fails in this regard. In *Overall v. State*, 540 S.W.2d 637 (Mo.App.1976), the appellant's statement of facts was merely a history of the case. It contained none of the facts relevant to the issues sought to be raised. In dismissing the appeal for violation of Rule 84.04(c), the court said that "[w]e can no longer tolerate gross inadequacy in appellate briefs." *Id.* at 638.[2] Here, Defendant's statement of facts suffers from the same deficiency as that found in *Overall.*

Rule 30.06(d) governs an appellant's points relied on and states in pertinent part:

The points relied on shall state briefly and concisely what actions or rulings of the court are sought to be reviewed and wherein and why they are claimed to be erroneous with citations of authority thereunder.

■ Three things are required to comply with Rule 30.06(d) regarding points relied on. Those requirements are "(1) a statement of the action or ruling complained of; (2) why the ruling was erroneous; and (3) wherein

the evidence or other matter supports the position the party asserts the trial court should have taken." *State v. Rabe*, 870 S.W.2d 453, 455 (Mo.App.1994). "An insufficient point preserves nothing for review." *Id.*

Under his "Grounds for Appeal," Defendant states as follows:

I. Fatally Defective Information

II. Failure of Trial Court to Properly Consider and Rule on Question of "Legislative Jurisdiction"

■ It is readily apparent that Defendant's "Grounds for Appeal" do not comply with Rule 30.06(d). Defendant's points do not mention any of the requirements described in the pertinent rule and *Rabe.* As a result, Defendant's points preserve nothing for review.

■ The deficiencies in Defendant's brief are so serious that we are unable to attempt plain error review. It is not the duty of this Court to become an advocate for Defendant and comb through the entire record for error. *Thompson v. Thompson*, 786 S.W.2d 891, 892 (Mo.App.1990).

■ Although Defendant is proceeding *pro se*, he is bound by the same rules as a party represented by counsel. *Williams v. Shelter Ins. Co.*, 819 S.W.2d 781, 782 (Mo.App.1991). We cannot allow a *pro se* litigant a lower standard of performance. *Corley v. Jacobs*, 820 S.W.2d 668, 671 (Mo.App.1991).

Accordingly, this appeal is dismissed.

PARRISH, P.J., and BARNEY, J., concur.

---

1. Rule references are to Missouri Rules of Court (1996).

2. Briefing principles applicable to civil cases apply to criminal cases even though the rules governing appellate briefs are separately stated in Rules 84.04 and 30.06. *State v. Wright*, 934 S.W.2d 575, 582 n. 5 (Mo.App.1996).