CITY OF KANSAS CITY, Missouri,
Respondent,

v.

Timothy PIERCY, Appellant Pro Se.

No. WD 60564.

Missouri Court of Appeals,
Western District.

June 25, 2002.

Timothy Pierce, Lee's Summit, pro se.

Michael E. Dailey, Kansas City, for Respondent

Before BRECKENRIDGE, Presiding Judge, LOWENSTEIN and SMART, JJ.

HAROLD L. LOWENSTEIN, Judge.

The appellant, Timothy Piercy, was found guilty in municipal court of knowingly operating a motor vehicle while his privilege to do so had been suspended under Kansas City Municipal Ordinance § 70.131, and in a trial *de novo* in Circuit Court. This appeal is taken from his *de novo* trial in Circuit Court. He was sentenced to ninety days confinement. In his *pro se* brief, the appellant apparently argues that the trial court erred in: 1) denying his motion to dismiss for lack of subject matter jurisdiction and personal jurisdiction, 2) in not taking notice of a document he authored, titled "Self–Serving Declaration of Timothy Piercy," and 3) in not taking notice of his status and rights as declared in his "Self–Serving Declaration of Timothy Piercy." The appeal is dismissed.

### Analysis

■ "*Pro se* appellants and attorneys are held to the same procedural rules; *pro se* appellants do not receive preferential treatment regarding compliance with those rules." *State v. Anderson,* 37 S.W.3d 821, 822 (Mo.App.2001). Lack of compliance with the rules of appellate procedure constitutes grounds for dismissing the appeal. *Id.*

■ In this case, Piercy did not file a complete record on appeal. Although Piercy filed the legal file, he omitted the transcript. Such action is violative of Rule 81.12(a)'s mandatory requirement that the record on appeal "shall contain all of the record, proceedings and evidence necessary to the determination of all questions to be presented ..."

In addition, Piercy's brief does not comply with Rule 84.04(d)(1). That rule requires appellants to pattern their points relied on after the following form: "The trial court erred in [identify the challenged ruling or action], because [state the legal reasons for the claim of reversible error], in that [explain why the legal reasons, in the context of the case, support the claim of reversible error]."

The appellant's first point states as follows:

The verdict of guilty of driving a vehicle in this city when his privilege to do so has been suspended, revoked or canceled, was not supported by sufficient evidence and the court erred in denying the defendant's motion to dismiss, in that there was no direct evidence nor any [other] evidence from which a reasonable tri[er] of facts could find that the court had subject matter jurisdiction and in personam jurisdiction over the defendant.

■ Not only does this point relied on fail to comply with 84.04, but also it is difficult to discern his precise complaint of error. Further, Piercy's argument under this point does not address arguments that he attempts to raise in the point relied on, such as the sufficiency of the evidence, nor does the argument portion explain why there was no personal or subject matter jurisdiction. In short, the argument does not support the point relied on. An appellate court is not required to review points or arguments when they appear without citation of applicable authority. *State v. Conaway,* 912 S.W.2d 92, 95 (Mo.App. 1995). "When no authority is cited and no explanation is given, points relied on are deemed waived or abandoned." *Id.*

The next two points relied on are similarly bereft of meaning and clarity. In those two points, Piercy again violates Rule 84.04(d) by not following the established format. Further, the "Self–Serving Declaration of Timothy Piercy," of which he complains in both points that the trial court erred in excluding, contains nothing

relevant to the cause of driving with a suspended license. The document includes facts such as where and when Piercy was born, what his parents' names are and where they were born, that he lives in Missouri, and various statements about the U.S. and Missouri Constitutions. Even without the transcript, this court can discern that any relevance of this document to the underlying cause is dubious. Regardless, Piercy's second and third points preserve nothing for review for the same reasons that his first point cannot be reviewed.

■ Finally, the court notes that Piercy's reply brief, in which he raises eight additional points relied on [1] that were not raised in his original brief, similarly preserve nothing for review. Points and arguments omitted from the initial brief cannot be raised in the reply brief. *Russell v. Div. of Employment Sec.*, 43 S.W.3d 442, 444 (Mo.App.2001).

The appeal is dismissed.

All concur.

---

1. The points relied on in the reply brief are quizzical:
   I. The state of Missouri appears not to be operating under a republican form of government. II. The appellant asserts that RSMo. 543.335 ... was not created while Missouri was operating under a constitution that guarantees Missouri a republican form of government. III. The CITY of KANSAS CITY appears not to be created or erected constitutionally. IV. The CITY of KANSAS CITY operates under civil law in derogation of the common law. V. The respondent has declared the name of the appellant against the appellant's objections. VI. The CITY of KANSAS CITY accused the appellant of having been involved in a traffic violation without providing any proof that the appellant was involved in some kind, some time or sort of business or commercial activity. VII. The CITY of KANSAS CITY has no authority to enforce the Municipal ordinance.