**Robert N. OLDS, Appellant Pro Se,**

v.

**MISSOURI BOARD OF PROBATION
AND PAROLE, et al.,
Respondent.**

**No. WD 63336.**

Missouri Court of Appeals,
Western District.

Feb. 1, 2005.

Motion for Rehearing and/or Transfer to
Supreme Court Denied March 29, 2005.

Application for Transfer Denied
May 31, 2005.

Robert N. Olds, Bonne Tere, pro se.

Lisa J. Berry, Jefferson City, for respondent.

Before NEWTON, P.J.,
LOWENSTEIN and HOLLIGER, JJ.

HAROLD L. LOWENSTEIN, Judge.

Robert Olds, appearing pro se, appeals from the trial court's dismissal of his "Petition for Declaratory Judgment and Judicial Review" for failing to state a claim. Olds filed the action against the Missouri Board of Probation and Parole, apparently alleging that it denied him parole based on

his classification as a dangerous offender.[1] This court dismisses the appeal for failure to comply with Rule 84.04.

## I.

Pro se appellants do not receive preferential treatment regarding compliance with the rules of appellate procedure and are held to the same standard as appellants represented by counsel. *City of Kansas City v. Piercy,* 97 S.W.3d 513, 514 (Mo.App.2002). Failure to comply with these rules constitutes grounds for dismissing the appeal. *Id.*

As set forth in his brief, Olds' two points relied on fail to comply with Rule 84.04(d). Rule 84.04(d) governs the proper format that points relied on should appear in an appellant's brief:

(1) Where the appellate court reviews the decision of a trial court, each point shall:

(A) identify the trial court ruling or action that appellant challenges;

(B) state concisely the legal reasons for the appellant's claim of reversible error;

(c) explain in summary fashion why, in the context of the case, those legal reasons support the claim of reversible error.

The point shall be in substantially the following form: "The trial court erred in [identify the challenged ruling or action], because [state the legal reasons for the claim of reversible error], in that [explain why the legal reasons, in the context of the case, support the claim of reversible error]."

Olds' first point on appeal states:

The trial court erred in dismissing appellant's petition for failure to state a claim upon which relief can be granted under the averments of the petition appellant is entitled to a declaration of rights the trial court not addressing the merits of claims but only the sufficiency of petition sua sponteous.

Here, Olds has merely made a general allegation that the trial court erred in dismissing his petition. However, he fails to explain specifically what supports his claim of reversible error. "Abstract statements of law, standing alone, do not comply with this rule." Rule 84.04(d)(4).

Similarly, Olds' second point on appeal is also deficient. The second point states:

The Missouri Board of Probation and Parole erred reclassification of appellant a dangerous offender without legitimate reason ex post facto as guaranteed and protected by Article 1 § 12 Missouri Constitution and United States Constitution ex post facto laws Article 1 § 9 Clause 3 and § 10 Clause 1.

Here, Olds' second point alleges error committed by the Missouri Board of Probation and Parole. The claim does not even assert error committed by the trial court, thus failing to comply with Rule 84.04(d)(1)(A) requiring appellants to identify the action of the trial court that is being challenged.

Because Olds' two points relied on do not comply with Rule 84.04, the appeal is dismissed.

All concur.

---

1. Olds is currently incarcerated for first degree murder, RSMo. § 565.003 (1977), statutory rape, RSMo. § 559.260 (1969), attempted statutory rape, RSMo. §§ 556.150 and 559.260 (1969), and kidnapping, RSMo. § 559.240 (1969).