Debbie MASTERS, et al., Respondent,

v.

Nathen EGGEMEYER, Appellant.

No. ED 86005.

Missouri Court of Appeals,
Eastern District,
Division Four.

June 20, 2006.

Motion for Rehearing and/or Transfer to
Supreme Court Denied July 26, 2006.

Application for Transfer Denied
Sept. 26, 2006.

Nathen Eggemeyer, Charleston, pro se.

Christopher P. Threlkeld, Edwardsville, IL, for respondent.

Before NANNETTE A. BAKER, P.J., ROBERT G. DOWD, JR., J., and SHERRI B. SULLIVAN, J.

## *ORDER*

PER CURIAM.

Nathen Eggemeyer ("Eggemeyer") appeals *pro se* from the judgment of the trial court in favor of Debbie Masters ("Masters") in a wrongful death suit against him for the murder of her husband, Stephen Masters ("Deceased"). Eggemeyer claims five points on appeal.[1] First, Eggemeyer

---

1. Eggemeyer is reminded that *pro se* appellants are still bound by the same procedural rules as a party represented by counsel and are not entitled to any indulgences that a represented party would not be. *State v. Ellis*, 949 S.W.2d 279 (Mo.App. S.D.1997). (holding that a defendant proceeding pro se is bound by same rules as party represented by counsel and a court cannot allow pro se litigant lower standard of performance). Eggemeyer's brief contains deficiencies that make it difficult for us to conduct meaningful review of his points relied on. Nonetheless, we will attempt to do so.

claims that the trial court abused its discretion when it denied his request for a continuance, thereby violating his Fifth, Sixth, Eighth and Fourteenth Amendment rights. Second, he alleges that the trial court abused its discretion when it failed to adequately investigate whether Masters' attorneys were operating under a conflict of interest. Third, he contends that the trial court abused its discretion when it denied his request for a stay or dismissal, arguing that because Masters had filed a Chapter 11 bankruptcy, the court no longer had jurisdiction. Fourth, Eggemeyer claims that the trial court abused its discretion when it denied his request to transfer his case to a different judge because this judge also handled his post-conviction proceeding and was incapable of being both fair and impartial. Fifth, he argues that the trial court abused its discretion when it failed to either appoint counsel or a trustee on his behalf.

No jurisprudential purpose would be served by a written opinion reciting the detailed facts and restating the principles of law. The parties have been furnished with a memorandum opinion for their information only, which sets forth the facts and reasons for this order.

We affirm the judgment pursuant to Rule 84.16(b).