**Brenda LOVEMAN, Respondent,**

v.

**Gregg LOVEMAN, Appellant.**

**No. ED 86579.**

Missouri Court of Appeals,
Eastern District,
Division Four.

July 5, 2006.

Gregg Loveman, St. Louis, MO, appellant pro se.

Kirk J. Wittner, David Von Gontard, St. Louis, MO, for respondent.

Before NANNETTE A. BAKER, P.J., ROBERT G. DOWD, JR., J., and SHERRI B. SULLIVAN, J.

*ORDER*

PER CURIAM.

Gregg Loveman ("Husband") appeals pro se from a Judgment and Decree of Dissolution[1]. Husband claims two points must comply with Rule 84.04. *Pro se* appel-

on appeal. First, he alleges that the trial court erred in allowing the introduction of evidence of credit card debt that was not before the court because Wife did not include it in her petition. Second, Husband argues that the trial court erred and abused its discretion in its division of marital property and allocation of marital debt. We find no error and affirm.

No jurisprudential purpose would be served by a written opinion reciting the detailed facts and restating the principles of law. The parties have been furnished with a memorandum opinion for their information only, which sets forth the facts and reasons for this order.

We affirm the judgment pursuant to Rule 84.16(b).

lants are still bound by the same procedural rules as a party represented by counsel and are not entitled to any indulgences that a represented party would not be. *State v. Ellis,* 949 S.W.2d 279 (Mo.App. S.D.1997).

(holding that a defendant proceeding *pro se* is bound by same rules as party represented by counsel and a court cannot allow *pro se* litigant lower standard of performance).