Lonnie SNELLING, Appellant,

v.

SOUTHWESTERN BELL TELEPHONE COMPANY, Respondent.

No. 75099.

Missouri Court of Appeals,
Eastern District,
Division Five.

May 4, 1999.

Motion for Rehearing and/or Transfer to Supreme Court Denied June 3, 1999.

Application for Transfer Denied Aug. 24, 1999.

Lonnie Snelling, St. Louis, pro se.

David C. Welsch, St. Louis, for respondent.

KENT E. KAROHL, Judge.

Plaintiff, Lonnie Snelling (Snelling), appeals after summary judgment in favor of defendant, Southwestern Bell Telephone Company (SWBT). SWBT filed a motion to dismiss Snelling's appeal for failure to comply with the requirements of Rules 81.12 and 84.04. The motion is sustained. The appeal is dismissed.

Snelling alleged negligence, interference with business expectancy and breach of contract. He, in the legal relation of customer, alleged that SWBT delayed establishing telephone service to his apartment building at 3916 Lee Avenue in the City of St. Louis; and, as a result of the delay, a burglar alarm was inoperative, and therefore failed to prevent a burglary at the property. He sued SWBT to recover losses caused by the burglary and the loss of rental revenues.

In its motion to dismiss this appeal, SWBT alleged: (1) Snelling filed an incomplete *Legal File;* (2) his brief does not comply with Rule 84.04(c) for failure to set forth a fair and concise statement of the facts; and, (3) noncompliance with 84.04(d) for failure to include citations to authorities relied upon within the *Points Relied On and Authorities* section. Violations of Rule 84.04 are grounds for this court to dismiss an appeal. *Faith Baptist Church of Berkeley,. Inc. v. Heffner,* 956 S.W.2d 425, 426 (Mo.App. E.D.1997).

■ First, we consider the incomplete record on appeal. Snelling failed to comply with requirements that the legal file "contain all of the record, proceedings and evidence necessary to the determination of all questions to be presented." Rule 81.12(a). The Missouri Supreme Court expressly specifies the contents necessary to the record on appeal. *See* Rule 81.12. The rules mandate: (1) the legal file include "the judgment or order appealed from;" and, (2) that appellant compile such record. Rule 81.12(a)(c). Snelling's legal file does not contain copies of SWBT's motion to dismiss, and his response thereto. The documents are the subject of the proposed points on appeal. In his third point, Snelling states:

> The trial court erred in converting previous motion to dismiss into motion for summary judgment in that, court failed to apply proper standard for granting summary judgment, court failed to give notice of its intent to treat motion to dismiss as motion for summary judgment and since, summary dismissal without notice and meaningful hearing denied procedural due process under the laws, open courts provision guaranteed under Article 1, [Section] 10 and 14 of the Missouri constitution and property rights in claims stated therein.

■ In an appeal from the grant of summary judgment, we review the record in the light most favorable to the party against whom judgment was entered and accord the non-moving party all reasonable inferences therefrom. *ITT Commercial Finance Corp. v. Mid–America Marine Supply Corp.,* 854 S.W.2d 371, 376 (Mo. banc 1993). A proper review cannot be completed from a record so defective that it fails to notify this court of the contents of the motion in question. Moreover, Snelling's past non-compliance with the appellate rules of procedure has included the failure to file a complete copy of the record of trial court proceedings. *See Snelling v. Housing Authority of St. Louis County,* 956 S.W.2d 323 (Mo.App. E.D.1997); *Snelling v. Chrysler Motors Corp.,* 859 S.W.2d 755 (Mo.App. E.D.1993). However, SWBT filed a supplemental legal file, which included certified copies of the missing documents. In view of our policy to decide a case on its merits rather than its technical defects, we may, but do not elect to, dismiss Snelling's appeal on this basis.

■ In the motion to dismiss, SWBT alleged that Snelling's brief does not comply with Rule 84.04(c) for failure to set forth a fair and concise statement of the facts. "The recognized purpose of Rule 84.04(c) is to afford an immediate, accurate, complete and unbiased understanding of the facts of the case." *Evans v. Groves Iron Works,* 982 S.W.2d 760, 762 (Mo.App. E.D.1998); *Porter's Ready–Built, Inc. v. Plummer,* 685 S.W.2d 236, 237 (Mo.App. 1985). We will not substitute our perception of the perimeters of the controversy for that of the appellant. "It is not the duty of an appellate court to become an advocate for the appellant and search the record for error; the judgment rendered is presumptively correct and the appellant has the burden to demonstrate that it is erroneous." *Riley v. Hartman,* 981 S.W.2d 159, 160 (Mo.App. S.D.1998) (quoting *Thompson v. Thompson,* 786 S.W.2d 891, 892 (Mo.App.1990)).

■ Snelling cannot prevail if he fails to set forth facts to support a finding that a genuine dispute on a material issue of fact exists. His statement of facts merely traces the procedural journey of his cause of action through the trial court. He has provided no explanation of the factual basis of his lawsuit. "A statement of facts

which contains 'practically no facts relating to any issue raised on this appeal' does not comply with Rule 84.04(c)." *Mease v. McGuire,* 886 S.W.2d 654, 655 (Mo.App. S.D.1994). Failure to substantially comply with Rule 84.04(c) preserves nothing for appellate review. *Haynes Family Corp. v. Dean Properties, Inc.,* 923 S.W.2d 465, 467 (Mo.App. S.D.1996); *Whalen v. College of the Ozarks, Inc.,* 851 S.W.2d 682, 683 (Mo. App. S.D.1993).

■ Finally, SWBT also alleged Snelling's brief fails to comply with Rule 84.04(d), which requires that "[a]ll authorities discussed in the argument shall be cited under the 'Points Relied On.'" Rule 84.04(d). Specifically, SWBT alleged Snelling's brief fails to include all authorities cited in support of the points relied on within the *Points Relied On and Authorities* section. The deficiency is obvious. Pro se litigants are not afforded preferential treatment and must meet the same standards as attorneys, regarding compliance with rules of procedure such as 84.04. *Faith Baptist Church of Berkeley, Inc.,* 956 S.W.2d at 426; *Snelling v. Chrysler Motors Corp.,* 859 S.W.2d at 756. In his first point, Snelling cites to ten cases within the argument, but only two of those authorities are listed in the *Points Relied On and Authorities* section. Point II contains citations to twelve cases, but lists one. Point III cites to six authorities, but lists three. Thus, the *Points Relied On and Authorities* section does not comply with the mandate of Rule 84.04(d). We decline to review Snelling's points on appeal for gross failure to comply with 84.04(c) and 84.04(d). The deficiencies are an unresolved problem for the respondent and this court.

■ Gratuitously, we have reviewed the briefs of the parties and the legal file, and find the claims of error are without merit. The only legal issue is whether the tariffs approved by the Public Service Commission, which regulated the business of SWBT during the relevant time period mentioned in the petition, constitute an absolute legal defense to Snelling's claim

for damages resulting from a delay in installation of service. Once a filed tariff is approved, it becomes law and is an absolute legal defense. *See Bauer v. Southwestern Bell Telephone Co.,* 958 S.W.2d 568, 570 (Mo.App. E.D.1997) (held that filed tariff doctrine applied so as to bar customer's claims). By consent of both parties, the trial court considered and granted SWBT's motion to dismiss based on this affirmative defense and converted it to a motion for summary judgment. Thus, the court's conversion of the motion to dismiss to a motion for summary judgment was supported by plaintiff's consent to consider the motion as one for summary judgment and a decision of law. If we were to reach the merits, we would find no error of law.

The appeal is dismissed for failure to comply with the mandatory provisions of Rule 84.04.

ROBERT G. DOWD, Jr., C.J. and ROBERT E. CRIST, Senior Judge, concur.