**Kathleen COYNE,
Petitioner/Respondent,**

v.

**Patrick COYNE, Respondent/Appellant.**

**No. ED 76836.**

Missouri Court of Appeals,
Eastern District,
Division Four.

May 23, 2000.

---

1. The court denied Garnholz's request to withdraw from the case in a separate order not before us.

2. Neither Garnholz nor counsel for Respondent has filed any responsive pleading with this court.

Patrick M. Coyne, St. Louis, pro se.

Mary Ann Weems, Clayton, for respondent.

MARY K. HOFF, Judge.

Patrick Coyne (Father) appeals from the judgment entered in the Motion to Modify filed by Kathleen Coyne (Mother) and Father's Cross–Motion to Modify Prior Judgment of Dissolution. We dismiss the appeal for failure to comply with Rules 81.12 and 84.04.

Father appears in this appeal *pro se.* Even so, *pro se* appellants are held to

the same procedural rules as attorneys and do not receive preferential treatment regarding compliance with appellate procedural rules. *Shochet v. Allen*, 987 S.W.2d 516, 518 (Mo.App. E.D.1999).

Father has failed to file an appropriate record on appeal. Rule 81.12(a) requires an appellant to file a record on appeal which "shall contain all of the record, proceedings and evidence necessary to the determination of all questions to be presented...." Father has not filed a transcript of the trial proceedings below. Father has filed only a legal file. Yet, it is missing many pertinent documents, most notably a copy of Mother's motion to modify and attachments to the trial court's judgment. We cannot properly review the judgment when the record is so defective. *See, Snelling v. Southwestern Bell Telephone Co.*, 996 S.W.2d 601, 603 (Mo.App. E.D.1999). An appeal may be dismissed for failure to file an adequate record on appeal. *Faith Baptist Church of Berkeley, Inc. v. Heffner*, 956 S.W.2d 425, 426 (Mo. App. E.D.1997). Because Father has the burden of furnishing the necessary record to this Court for appellate review, and Father has failed to do so, we dismiss his appeal.

In addition, we note that Father's initial brief filed in this Court is woefully inadequate for appellate review. Rule 84.04 sets forth the content requirements for appellate briefs. Father's original brief contains no statement of facts at all, let alone a "fair and concise statement of the facts relevant to the questions presented...." Rule 84.04(c). The primary purpose of the statement of facts is to provide an immediate, accurate, complete and unbiased understanding of the facts of the case. *Kent v. Charlie Chicken II, Inc.*, 972 S.W.2d 513, 515 (Mo.App. E.D.1998). In this case, there is no such statement of facts and Father fails to preserve his points for appellate review. *Id.*

In addition, Father's points on appeal, as well as his argument, are insufficient.

Rule 84.04(d) sets outs the specific requirements of each point relied on. Father does not present points relied on in the fashion required by Rule 84.04(d). None of the points specifically identify the challenged ruling of the trial court, state concisely the legal reasons for the claim, or explain why, in the context of the case, those legal reasons support the claim of reversible error. Rule 84.04(d)(1)(A)—(C). In some instances, Father includes his argument within the point relied on and in other cases, Father has no argument. As a result, Father has not preserved anything for review on appeal. *Shochet*, 987 S.W.2d at 519.

Finally, Father has failed to comply with Rule 84.04 in various minor ways. His brief contains no detailed table of contents. Rule 84.04(a)(1). Father does not list his authorities after his point relied on. Rule 84.04(d)(5). In making statements of fact and argument, Father never includes one cite to the specific page references in the legal file or transcript to support his contention. Rule 84.04(j). The requirements of Rule 84.04 are mandatory. *Maroney v. Maroney*, 953 S.W.2d 644, 646 (Mo.App. S.D.1997).

After Respondent raised these deficiencies in her brief, Father filed a reply brief wherein he attempted to correct these problems. Father's reply brief also raises new issues to be addressed by the Court, including a request to strike the order for attorneys' fees. To the extent Father has failed to raise allegations of error in his initial brief with the Court, they are not preserved for appellate review. Appellate courts are generally precluded from addressing assertions made for the first time in a reply brief because a respondent has no opportunity to address the argument. *Berry v. State*, 908 S.W.2d 682, 684 (Mo. banc 1995). Therefore, points and arguments omitted from an appellant's initial brief may not be supplied by a reply brief. Moreover, even if we attempted to review Father's points *ex*

*gratia,* it would be impossible to do so in the absence of a record of the proceedings.

Based on the defective record on appeal, as well as the deficiencies in Father's brief, we dismiss this appeal for failure to comply with Rules 81.12 and Rule 84.04.

Appeal dismissed.

MARY RHODES RUSSELL, C.J. and WILLIAM H. CRANDALL, Jr., J.: Concur.