**STATE of Missouri, Respondent,**

v.

**Blake E. ANDERSON, Appellant.**

**No. ED 77825.**

Missouri Court of Appeals,
Eastern District,
Division Three.

Jan. 9, 2001.

Rehearing Denied Feb. 22, 2001.

Blake E. Anderson, pro se.

Medford D. Robbins, Fredericktown, for Respondent.

DRAPER, Judge.

Blake E. Anderson (hereinafter, "Anderson") and Deborah S. Anderson appeal from the trial court's judgment denying Anderson's motion for the return of seized property following a hearing. We dismiss the appeal for failure to comply with Rule 81.12 and Rule 84.04.

Anderson appears in this appeal *pro se.* He raises thirty-one points relied on seeking the return of various items seized during the search of the home of Deborah S. Anderson. *Pro se* appellants and attorneys are held to the same procedural rules; *pro se* appellants do not receive preferential treatment regarding compliance with those rules. *Coyne v. Coyne,* 17 S.W.3d 904, 906 (Mo.App. E.D. 2000). Failure to comply with the rules of appellate procedure constitutes grounds for the dismissal of an appeal. *Faith Baptist Church of Berkeley, Inc. v. Heffner,* 956 S.W.2d 425, 426 (Mo.App. E.D.1997); *Shochet v. Allen,* 987 S.W.2d 516, 518 (Mo. App. E.D.1999).

Anderson failed to file a complete record on appeal. Rule 81.12(a) compels appellants to file a record on appeal which "shall contain all of the record, proceedings and evidence necessary to the determination of all questions to be presented...." Anderson filed a legal file, but failed to file a transcript.[1] Additionally, the legal file lacks a copy of the search warrant which is the subject of most proffered points on appeal. It is not possible for this Court to review the judgment when the record is defective. *Snelling v. Southwestern Bell Telephone Co.,* 996 S.W.2d 601, 603 (Mo.App. E.D.1999).

We also note that Anderson's brief filed in this Court is inadequate for appellate review. The requirements for the contents of appellate briefs are particularized in Rule 84.04. Anderson's brief does not have a statement of facts section, but rather, an "Opening Statement" which lacks citations to specific page references in the legal file or transcript and fails to present a "fair and concise statement of the facts relevant to the questions presented...." Rule 84.04(i); Rule 84.04(c).

Anderson fails to comply with Rule 84.04(d) in drafting his thirty-one points relied on. Each point relied on must: (1) identify the challenged trial court ruling or action; (2) state concise legal reasons to support the reversible error; and (3) a summary explanation of the legal reasons supporting reversal. Rule 84.04(d)(1)(A)–(C); *See Thummel v. King,* 570 S.W.2d 679, 685 (Mo. banc 1978). Anderson places some citation to authorities within the points relied on instead of listing cited authority following each point as directed by Rule 84.04(d)(5).

Further, what should be the argument portion of Anderson's brief is labeled "Summary." Rule 84.04(e). Anderson presents his five-page argument in the "Summary" section, but fails to restate any of the thirty-one points relied on before discussion of alleged error. *Id.* There is no statement regarding the standard of review. *Id.* Anderson fails to provide citations to the legal file for any of his assertions. Rule 84.04(i).

The appeal is dismissed for failure to comply with the mandatory provisions of Rule 81.12 and Rule 84.04.

GARY M. GAERTNER, P.J., and CRAHAN, J., concur.

---

1. In the legal file, Anderson filed a motion with this Court stating that he did not believe it necessary to comply with all of the requirements of Rule 81.12(a).