Favis Clay MARTIN,
Defendant/Appellant,

v.

Ellen Y. MORGAN and Doug Morgan,
Defendants/Respondents.

No. ED 79557.

Missouri Court of Appeals,
Eastern District,
Division Two.

Oct. 30, 2001.

Motion for Rehearing and/or Transfer to
Supreme Court Denied Dec. 6, 2001.

Favis Clay Martin, pro se, Beaumont, TX, for appellant.

Before MARY R. RUSSELL, P.J. and ROBERT G. DOWD, Jr., and MARY K. HOFF, JJ.

PER CURIAM.

Favis Clay Martin (Appellant) appeals from the trial court's order and judgment dismissing his petition with prejudice. Appellant sued Ellen and Doug Morgan (Respondents) to recover $7,176.31 invested by them on his behalf. Upon a motion by Respondents, the trial court struck certain paragraphs of Appellant's petition because they were improperly pled. The trial court sustained Doug's [1] motion to dismiss for failure to state a claim upon relief can be granted. Ellen filed a motion for sanctions in which she requested a dismissal of Appellant's petition with prejudice, which the trial court granted. This appeal followed. We dismiss Appellant's appeal for failure to comply with Rule 84.04.[2]

Appellant appears in this appeal *pro se*. *Pro se* appellants are held to the same standards as attorneys and do not receive preferential treatment regarding compliance with appellate procedural rules. *State v. Anderson*, 37 S.W.3d 821, 822 (Mo.App. E.D.2001); *Coyne v. Coyne*, 17 S.W.3d 904 (Mo.App. E.D.2000). Failure to comply with the rules of appellate procedure constitutes grounds for the dismissal of an appeal. *Anderson*, 37 S.W.3d at 822.

Appellant's "Statement of Facts" fails to present "a fair and concise statement of the facts relevant to the questions presented for determination without argument," as required by Rule 84.04(c). Appellant's facts are argumentative and not pertinent to the questions presented for review. "The primary purpose of the statement of facts is to provide an immediate, accurate, complete and unbiased understanding of the facts of the case." *Coyne*, 17 S.W.3d at 906. "Failure to include, in the statement of facts, the facts upon which an appellant's claim of error is based fails to preserve the contention for appellate review." *Kent v. Charlie Chicken, II, Inc.*, 972 S.W.2d 513, 515 (Mo.App. E.D.1998). Violation of Rule 84.04(c) constitutes grounds for dismissal of an appeal. *Id.* Additionally, Appellant's "Statement of Facts" does not comply with Rule 84.04(i) in that it lacks citations to the legal file.

Appellant has also failed to comply with Rule 84.04(d) in drafting his six "Points Relied On." Rule 84.04(d) requires an appellant, in each point on appeal, to (1) identify the trial court ruling or action he is challenging, (2) state concisely the legal reasons for his claim of reversible error, and (3) explain in summary fashion why, in the context of the case, those legal reasons support the claims of reversible error. Rule 84.04(d)(1)(A)-(C); *see Thummel v. King*, 570 S.W.2d 679 (Mo. banc 1978). "Abstract statements of law, standing alone, do not comply with this rule." Rule 84.04(d). Points 1 and 4 are bare statements of the law lacking any claim of error. Appellant's points 1, 4, 5, and 6 fail

---

**1.** When more than one individual has the same last name, we refer to each individual by that party's first name. By doing so, we do not intend to be disrespectful.

**2.** Respondents' motion to strike pleadings and dismiss the appeal is denied as moot.

to identify the challenged ruling. "If a point does not set forth what trial court ruling is challenged, it does not preserve anything for review on appeal." *Shochet v. Allen,* 987 S.W.2d 516, 518 (Mo.App. E.D.1999). Appellant's points 2 and 3 state the challenged action of the trial court but do not provide legal reasons for the claims of error. This Court should not be expected to either decide this case on the basis of inadequate briefing, or to undertake additional research to cure the deficiency. *Thummel,* 570 S.W.2d at 686. "It is not the function of the appellate court to serve as an advocate for any party to an appeal." *Id.*

Furthermore, Appellant's "Argument" section does not conform to the requirements of Rule 84.04(e). Appellant's argument does not include "a concise statement of the applicable standard of review for each claim of error" as required by Rule 84.04(e). Additionally, Appellant uses his argument section to argue the merits of a claim against Respondents which he did not raise in his points relied on. "The argument shall be limited to those errors included in the 'Points Relied On.'" Rule 84.04(e). His argument also states conclusory propositions without citing appropriate legal authority or explaining the reasons for the propositions. "Failure to cite relevant authority supporting the point or to explain the failure to do so preserves nothing for review." *Kent,* 972 S.W.2d at 516.

Because of Appellant's substantial failure to comply with the mandatory provisions of Rule 84.04, the appeal is dismissed.