merit of the underlying action. *Wahl*, 980 S.W.2d at 325.

■ Standing is related to a party's legal interest in the cause of action so as to give the party a right to relief. *Ryder v. Ward*, 933 S.W.2d 428, 430 (Mo.App. W.D. 1996). When a party lacks standing sufficient to maintain the action and, consequently, has no right to relief, the court necessarily does not have jurisdiction of the question presented and may not enter a judgment on the matter. *Id.*

Accordingly, we find Wife does not have standing,[2] and therefore, the trial court did not err in dismissing Wife's motion for lack of jurisdiction.

The judgment of the trial court is affirmed.

CRANDALL, P.J., and CRANE, J., concur.

**Laurie A. FAULKERSON,**
**Plaintiff/Appellant,**

**v.**

**Mark S. NORMAN and Mark S.**
**Norman & Associates, Inc.,**
**Defendants/Respondents.**

**No. ED 80098.**

Missouri Court of Appeals,
Eastern District,
Division Two.

May 28, 2002.

Ramon J. Morganstern, St. Louis, MO, for appellant.

Suelthaus & Walsh, P.C., Robert J. Selsor, St. Louis, MO, for respondent.

MARY K. HOFF, Judge.

Laurie A. Faulkerson (Appellant) appeals from the trial court's order and judgment granting the motion for summary judgment of Mark S. Norman and Mark S. Norman & Associates, Inc. (Respondents) on Appellant's claims of breach of contract, fraud, negligent misrepresentation and equitable estoppel. We dismiss Appellant's appeal for failure to comply with Rule 84.04.

"Failure to comply with the rules of appellate procedure constitutes grounds for the dismissal of an appeal." *Martin v. Morgan,* 61 S.W.3d 300, 301 (Mo.App. E.D. 2001).

Appellant has failed to comply with Rule 84.04 so substantially that her appeal is unreviewable. Rule 84.04(c) requires that an appellant's "Statement of Facts" contain "a fair and concise statement of facts relevant to the questions presented for determination without argument." "The primary purpose of the statement of facts is to provide an immediate, accurate, complete and unbiased understanding of the facts of the case." *Martin,* 61 S.W.3d at 301. In the case at bar, Appellant partially attempts to establish the factual background for the case by citing to the allegations from a petition that appellant had filed in a prior dismissed case. Further, Appellant's "Statement of Facts" recites an abbreviated version of the procedural history of the case and fails to set forth any material evidence. *See Estate of Philips v. Matney,* 40 S.W.3d 15, 18 (Mo.App. S.D.2001). As Appellant's "Statement of Facts" fails to provide an unbiased understanding of the facts of the case and lacks any material evidence, it is therefore deficient.

Rule 84.04(d) requires an appellant in each point of appeal, to (1) identify the trial court ruling or action she is challenging, (2) state concisely the legal reasons for her claim of reversible error, and (3) explain in summary fashion why, in the context of the case, those reasons support the claims of reversible error. Rule 84.04(d)(1)(A)-(C). "Abstract statements of law, standing alone, do not comply with this rule." Rule 84.04(d)(4). This Court should not be expected to either decide this case on the basis of inadequate briefing, or to undertake additional research to cure the deficiency. *Thummel v. King,* 570 S.W.2d 679, 686 (Mo. banc 1978). "It is not the function of the appellate court to serve as an advocate for any party to an appeal." *Id.* In the case at bar, Appellant's "Points Relied On" recite abstract statements of law and fail to explain, with specificity, why in the context of the case, her reasons support her claims of reversible error.

Rule 84.04(e) provides that the argument portion of an appellate brief shall "include a concise statement of the applicable standard of review for each claim of error." An argument should also advise the appellate court how principles of law and the facts of the case interact. *See Christomos v. Holiday Inn Branson*, 26 S.W.3d 485, 487 (Mo.App. S.D.2000). Appellant's brief fails to comply, in that she does not set forth the applicable standard of review for each claim of error. Further, Appellant fails to state principles of law to which the facts of this case can be compared.

Rule 84.04(i) requires that all "statements of fact and argument shall have specific page references to the legal file or the transcript." Appellant's brief does not comply with this rule because Appellant fails to reference the legal file or transcript in the argument sections of her brief.

Therefore, because of its substantial failure to comply with Rule 84.04, this brief preserves nothing for review and is inadequate to invoke the jurisdiction of this court. *See Woodard v. SmithKline Beecham/Quest*, 29 S.W.3d 843, 844 (Mo.App. E.D.2000).

Appeal dismissed.

GEORGE W. DRAPER III, Presiding Judge, and MARY R. RUSSELL, J., Concur.