In the Interest of Q.M.B. and Q.T.P.

S.S. (Adoptive Mother), Respondent,

v.

C.E.P.J. (Natural Mother), Appellant,

A.B. (Putative Father), L.P.H. (Putative Father), and John Doe (Putative Father), Defendants.

No. WD 60955.

Missouri Court of Appeals,
Western District.

Aug. 6, 2002.

Motion for Rehearing and/or Transfer to Supreme Court Denied Oct. 1, 2002.

Laura Higgins Tyler, Kansas City, for Appellant.

Lori L. Stipp, Kansas City, For Respondent.

Deborah G. Baron, Kansas City, Guardian *ad litem*.

Before ULRICH, P.J., and SPINDEN and SMITH, JJ.

EDWIN H. SMITH, Judge.

C.E.P.J. (mother) appeals the judgment of the Circuit Court of Jackson County terminating her parental rights to her minor daughters, Q.M.B. and Q.T.P., and approving their adoption by the respondent, S.S. In entering its judgment, the court, pursuant to § 487.030.1,[1] adopted the findings, recommendations, and proposed judgment of the family law commissioner, who heard the case.

The mother raises five points on appeal. In Point I, she claims that the trial court erred in terminating her parental rights to Q.M.B. and Q.T.P. under § 211.447.4(1) for abandonment because the court's requisite statutory findings in support of termination on that basis were not supported by substantial evidence, were against the weight of the evidence, and erroneously applied the law. In Point II, she claims that the trial court erred in terminating her parental rights to Q.M.B. and Q.T.P. under § 211.447.4(2) for abuse and neglect because the court's conclusion in support of termination on that basis, that the mother, "although physically and financially able, repeatedly and continuously failed to provide the children with adequate food, clothing, shelter, education, and other care and control necessary for the children's physical, mental and emotional health and development, financial or otherwise," was not supported by substantial evidence and was against the weight of the evidence. In Point III, she claims that the trial court erred in terminating her parental rights to Q.M.B. and Q.T.P. under § 211.447.4(3) for failure to rectify because the court's requisite statutory findings in support of termination on that basis were against the weight of the evidence and erroneously applied the law. In Point IV, she claims that the trial court erred in terminating her parental rights to Q.M.B. and Q.T.P.

as being in their best interests because it erroneously applied the law in that "the trial court can not [sic] reach the issue of best interest unless there is a basis to terminate parental rights and for the aforementioned reasons [as claimed in Points I–III] there was not a basis to terminate the mother's parental rights." In Point V, she claims that "[t]he trial court erred in granting the respondent's petition to adopt because the finding that it is in the best interest of the children that respondent be allowed to adopt is not supported by substantial evidence, it is against the weight of the evidence and it erroneously applies the law."

We affirm in part, and dismiss in part.

## Facts

C.E.P.J. is the natural mother of Q.M.B., born April 15, 1998, and Q.T.P., born August 11, 1999. On June 18, 1998, a petition for protective custody of Q.M.B. was filed by the Juvenile Officer of Jackson County, Missouri (JO), in the Circuit Court of Jackson County, Family Court Division. On November 17, 1998, the trial court sustained the petition, finding that Q.M.B. had been abused and neglected, and ordered that she be placed in the custody of her paternal grandmother. On September 9, 1999, the JO filed a petition for protective custody of Q.T.P. On October 28, 1999, the court sustained that petition, finding that Q.T.P. had been abused and neglected, and ordered that she be placed in the custody of the Division of Family Services (DFS). On November 4, 1999, the family court changed Q.M.B.'s custody to the respondent, the child's great aunt. Custody of Q.T.P. was changed to the respondent on February 23, 2000.

---

1. All statutory references are to RSMo 2000, unless otherwise indicated.

On January 17, 2001, the respondent filed a petition for adoption of the children, pursuant to § 453.010, in the family court, including a count to terminate the parental rights of the mother and the putative fathers of the children, as provided in § 211.447.4. The mother filed her answer to the petition on February 26, 2001. On March 22, 2001, the respondent filed a first amended petition, adding an additional putative father as to Q.T.P. In her amended petition, the respondent alleged, as grounds for terminating the parental rights of the mother and putative fathers: abandonment, § 211.447.4(1); abuse and neglect, § 211.447.4(2); and failure to rectify, § 211.447.4(3).

The respondent's petition was heard by Commissioner Geoffrey Allen on September 16, September 20, October 12, October 30, and November 1, 2001. Numerous witnesses testified during the trial, including, among others, the mother, the respondent, and several DFS employees. Commissioner Allen issued his proposed findings, recommendations, and judgment on December 7, 2001. In his findings, the commissioner found that all three grounds alleged by the respondent for terminating the parental rights of the mother and the putative fathers were supported by the evidence presented. On December 13, 2001, the trial court adopted the proposed findings and recommendations of the commissioner and entered its judgment, *inter alia*, terminating the parental rights of the mother and the putative fathers, and approving the adoption of the children by the respondent.

This appeal follows.

## I.

■ In her first three points, the mother challenges the three statutory grounds found by the trial court for termination of her parental rights. A trial court's judgment terminating parental rights will be affirmed if any statutory ground for termination is proven. *In re N.M.J.*, 24 S.W.3d 771, 777 (Mo.App.2000). Thus, if the trial court's termination of the mother's parental rights was correct on any one of the three bases found, we would affirm on that basis, requiring us to address the point challenging that basis alone. In that regard, because we find that the trial court's judgment terminating the mother's parental rights was justified on the basis of abuse and neglect, under § 211.447.4(2), Points I and III are moot such that of the first three points, we address Point II alone.

■ In Point II, the mother claims that the trial court erred in terminating her parental rights to Q.M.B. and Q.T.P. under § 211.447.4(2) for abuse and neglect because the court's conclusion in support of termination on that basis, that the mother, "although physically and financially able, repeatedly and continuously failed to provide the children with adequate food, clothing, shelter, education, and other care and control necessary for the children's physical, mental and emotional health and development, financial or otherwise," was not supported by substantial evidence and was against the weight of the evidence. Specifically, she claims that the evidence was insufficient to support the trial court's finding made in support of that conclusion, that the "mother had financial income of over $2,500.00 per month after receiving pension benefits from her deceased husband."

■ We are to affirm the termination of parental rights unless it is not supported by substantial evidence, it is against the weight of the evidence, or it erroneously declares or applies the law. *In re J.D.*, 34 S.W.3d 432, 434 (Mo.App. 2000). Upon review, we will consider the evidence and all reasonable inferences

drawn therefrom in the light most favorable to the trial court's judgment and disregard all evidence and inferences to the contrary. *Id.* "[E]vidence in the record that might support another conclusion does not necessarily establish that the trial court's decision is against the weight of the evidence." *In re A.S.*, 38 S.W.3d 478, 481 (Mo.App.2001) (citation omitted).

The mother's argument in support of her claim in this point consists solely of one paragraph:

> The finding that the Mother had financial income of over $2,500.00 per month after receiving pension benefits from her deceased husband who died September 2, 2000, is not supported by substantial evidence and is against the weight of the evidence because it ignores the testimony of the Mother that she was not eligible and did not receive benefits between the time of her husband's death and the birth of her son (Tr. 363). The finding that the lack of visitation and financial support and the token gifts constitute failure to support is against the weight of the evidence because it ignores the testimony of Ms. Iwen that the Mother has offered and stated that if there is anything the children need to please let her know and she will be more than happy to get it for them (Tr. 274–275, 287). Further there is no court order to pay support (Tr. 287).

We first note that the mother's argument fails to cite any authority in support of her claim or reasons for a lack of such citation, as required. *Martin v. Morgan*, 61 S.W.3d 300, 302 (Mo.App.2001). This alone would be sufficient reason to deny her claim and affirm the trial court's termination on the basis of abuse and neglect. *Id.* However, even if we were to gratuitously review her claim on the merits, her point must still fail.

In a termination of parental rights case, the petitioner bears the burden of proof. *In re A.R.*, 52 S.W.3d 625, 633 (Mo.App.2001). "'This burden of proof is met if substantial evidence (evidence which, if true, has probative force upon the issues) is clear, cogent and convincing on the issues.'" *Id.* (citation omitted). "'Clear, cogent and convincing evidence is that which instantly tilts the scales in the affirmative when weighed against opposing evidence.'" *Id.* (citation omitted). Thus, if the trial court finds that the petitioner has proven by clear, cogent and convincing evidence that one or more of the statutorily approved grounds for termination of parental rights exists, and termination is in the best interests of the child, then the court may terminate parental rights to the child. *In re A.S.*, 38 S.W.3d at 482.

Section 211.447.4 provides six grounds for termination of parental rights, including termination for "abuse and neglect," under § 211.447.4(2). In terminating for abuse and neglect, under § 211.447.4(2), the trial court is required to consider and make specific findings as to the following conditions or acts of the parent:

> (a) A mental condition which is shown by competent evidence either to be permanent or such that there is no reasonable likelihood that the condition can be reversed and which renders the parent unable to knowingly provide the child the necessary care, custody and control;
>
> (b) Chemical dependency which prevents the parent from consistently providing the necessary care, custody and control of the child and which cannot be treated so as to enable the parent to consistently provide such care, custody and control;
>
> (c) A severe act or recurrent acts of physical, emotional or sexual abuse to-

ward the child or any child in the family by the parent, including an act of incest, or by another under circumstances that indicate that the parent knew or should have known that such acts were being committed toward the child or any child in the family; or

(d) Repeated or continuous failure by the parent, although physically or financially able, to provide the child with adequate food, clothing, shelter, or education as defined by law, or other care and control necessary for the child's physical, mental, or emotional health and development.

*In re A.M.C.*, 983 S.W.2d 635, 638 (Mo. App.1999).[2] In making these requisite findings, it is sufficient for the trial court to state that one or more of the listed conditions or acts is irrelevant and the reason why. *Id.* Although the court is required to make findings concerning the four conditions relating to parental acts, proof of one is sufficient to establish a cause for termination. *In Interest of K.L.*, 972 S.W.2d 456, 459–60 (Mo.App.1998).

Here, there is no contention that the trial court failed to make the requisite findings. Rather, the mother is claiming that the trial court's termination under subparagraph (d) of § 211.447.4(2) is not supported by the evidence. In terminating the mother's parental rights under § 211.447.4(2)(d), the trial court found:

13. Pursuant to Subsection 211.447.4(2)(d) R.S.Mo., the Court finds that the children have been adjudicated to have been abused and neglected and that [the mother and the putative fathers], although physically and financially able, repeatedly and continuously have failed to provide the children with adequate food, clothing, shelter,

education, and other care and control necessary for the children's physical, mental and emotional health and development, financial or otherwise. The evidence showed the mother was capable of employment and had worked as a "house nanny" and also at the International House of Pancakes as a waitress. The mother testified that she had financial income of over $2500.00 per month after receiving pension benefits from her deceased husband. [The appellant] testified that her husband, . . . died on September 2, 2000. Despite her employment and her benefits she received after the death of her husband she paid no financial or other support for the children. The evidence showed for over two years while the children were placed with [S.S.], [the mother] provided three outfits for the children and diapers in August 2000 and some Christmas gifts in February 2001 and two Easter Baskets in April 2001. The Court finds these gifts to be token in nature and the only form of support provided for the children since their placement with [S.S.] in February 1999 and March 2000. The Court finds this lack of visitation and financial support and the token gifts to clearly constitute failure to support the children. The Court finds no evidence regarding the conditions contained in subsections 211.447.4(2)(a), (b) and (c) with regard to the parents as no evidence was adduced regarding these conditions.

The question then is whether the record supports the trial court's finding that the mother was capable of providing financial support to the children, but failed to do so.

---

**2.** This case makes specific reference to the requirements of § 211.447.2(2), which was the predecessor to § 211.447.4(2).

To terminate under § 211.447.4(2)(d), the petitioner must show that the parent has not fulfilled the affirmative duty to support, communicate with and visit the child and to show that the parent is committed to the child by showing an interest. *In re A.S.*, 38 S.W.3d at 484. The financial support of a minor child, as required by § 211.447.4(2)(d), is a continuing parental obligation. *In Interest of T.G.*, 965 S.W.2d 326, 335 (Mo.App. 1998). Even if a parent is unable to pay for all of a child's financial needs, he or she has a duty to contribute as much as he or she can. *In Interest of K.L.*, 972 S.W.2d at 461. Evidence that a parent was capable of employment, although unemployed, is a sufficient basis for a trial court to determine that the parent was able to provide financial support for the child. *In re A.H.*, 9 S.W.3d 56, 60 (Mo.App.2000).

In claiming that the trial court's finding in support of its termination of her parental rights under § 211.447.4(2)(d) was not supported by the record, the mother contends that the evidence demonstrated that: (1) she was not eligible and did not receive pension benefits between the time of her husband's death and the birth of her son; (2) she told a DFS employee that if the girls needed something then she would get it for them; and (3) there was no court order to pay support for the girls. Even assuming, *arguendo*, that the record would support the mother's contention that she did not start receiving the pension benefits until after the birth of her son in April of 2001, that does not alter the fact that the record clearly demonstrates that she was capable of employment and had other sources of income sufficient to provide some financial support for the children at all pertinent times in this proceeding and that she failed to do so. With respect to the mother's contentions as to an alleged offer by her to provide support upon request by the DFS and the lack of a child support order, she is confused by her affirmative duty to provide financial support to the extent of her capabilities, even in a token amount. *In Interest of K.L.*, 972 S.W.2d at 461. To terminate under § 211.447.4(2)(d), there is no required showing that support was requested by the custodian, *In re A.S.*, 38 S.W.3d at 484, or that a support order had been entered, *In re A.H.*, 9 S.W.3d at 60.

Point denied.

## II.

In Point IV, the mother claims that the trial court erred in terminating her parental rights to Q.M.B. and Q.T.P. as being in their best interests because it erroneously applied the law in that "the trial court can not [*sic*] reach the issue of best interest unless there is a basis to terminate parental rights and for the aforementioned reasons [as claimed in Points I–III] there was not a basis to terminate the mother's parental rights." Inasmuch as we found, *supra,* that the trial court's termination under § 211.447.4(2) was, in fact, supported by the record, the mother's claim in this point is now moot.

## III.

In Point V, the mother claims that "[t]he trial court erred in granting the respondent's petition to adopt because the finding that it is in the best interest of the children that respondent be allowed to adopt is not supported by substantial evidence, it is against the weight of the evidence and it erroneously applies the law." The mother's point relied on is obviously deficient in that it wholly fails to explain in summary fashion why, in the context of the case, the legal reasons she asserts support her claim of reversible error, as

required by Rule 84.04(d)(1)(C).[3] It is nothing more than an abstract conclusion of law that preserves nothing for our review. *Coyne v. Coyne,* 17 S.W.3d 904, 906 (Mo.App.2000). However, even if we were able to decipher the mother's claim by gratuitously sifting through her argument, she still would not succeed. This is so in that in determining our jurisdiction *sua sponte,* as we are required to do, *City of Brentwood v. Barron Holdings Int'l, Ltd., L.L.C.,* 66 S.W.3d 139, 142 (Mo.App.2001), it is apparent that having affirmed the trial court's termination of the mother's parental rights to Q.M.B. and Q.T.P., she no longer has a legal interest in the children that would cause her to be aggrieved by the trial court's judgment approving their adoption by the respondent.

Except in those instances set forth in § 453.040, as a statutory prerequisite to the adoption of a person under the age of eighteen years, § 453.030.3 requires the written consent of:

(1) The mother of the child; and

(2) Any man who:

(a) Is presumed to be the father pursuant to the subdivisions (1), (2), (3) or (5) of subsection 1 of section 210.822, RSMo; or

(b) Has filed an action to establish his paternity in a court of competent jurisdiction no later than fifteen days after the birth of the child; or

(c) Filed with the putative father registry pursuant to section 192.016, RSMo, a notice of intent to claim paternity or an acknowledgment of paternity either prior to or within fifteen days after the child's birth, and has filed an action to establish his paternity in a court of competent jurisdiction

no later than fifteen days after the birth of the child; or

(3) The child's current adoptive parents or other legally recognized mother and father.

As to the exceptions to the written consent requirement of § 453.030.3, § 453.040 provides, in pertinent part:

The consent to the adoption of a child is not required of:

. . .

(8) A parent whose rights to the child may be terminated for any of the grounds set forth in section 211.447, RSMo, and whose rights have been terminated after hearing and proof of such grounds as required by sections 211.442 to 211.487, RSMo. Such petition for termination may be filed as a count in an adoption petition.

Consistent with § 453.040(8), allowing the inclusion of a termination count in an adoption petition, is § 211.447.5, which reads:

The juvenile court may terminate the rights of a parent to a child upon a petition filed by the juvenile officer or the division, or in adoption cases, by a prospective parent, if the court finds that the termination is in the best interest of the child and when it appears by clear, cogent and convincing evidence that grounds exist for termination pursuant to subsection 2, 3 or 4 of this section.

In our case, due to the mother's refusal to consent to the adoption of Q.M.B. and Q.T.P. by the respondent, the respondent sought to terminate the mother's parental rights under § 211.447.4 by including in her adoption petition a termination count.

---

**3.** All rule references are to the Missouri Rules of Civil Procedure (2002), unless otherwise indicated.

A party has no standing to appeal a final judgment, unless he or she is an "aggrieved" party. Rule 81.01; § 512.020; *Jackson County Bd. of Election Comm'rs v. Paluka,* 13 S.W.3d 684, 687 (Mo.App.2000). In order to be considered "aggrieved," a party seeking appellate relief must have both a legally cognizable interest in the subject matter and a threatened or actual injury from the judgment. *Darrington v. George,* 982 S.W.2d 823, 825 (Mo.App.1998). Generally, for a party to be considered aggrieved, for purposes of § 512.020, "the judgment in question must 'operate[ ] prejudicially and directly on his personal or property rights or interests.'" *Paluka,* 13 S.W.3d at 687 (*citing Shelter Mut. Ins. Co. v. Briggs,* 793 S.W.2d 862, 863 (Mo. *banc* 1990)). "[A]s used in § 512.020, 'aggrieved' means 'suffering from an infringement or denial of legal rights.'" *Id.* at 687–88 (citations omitted).

Logically, upon the termination of a parent's parental rights, the parent is no longer a parent in the eyes of the law and is stripped of all power to act as such. Or in other words, such a parent no longer has a legal interest in the child. That proposition is readily apparent from the fact that the legislature in § 453.040(8) waives the consent of a parent whose rights have been terminated pursuant to § 211.447.4. Thus, inasmuch as we are affirming the trial court's judgment terminating the mother's parental rights, for purposes of adoption, she no longer has a legal interest in the children such that she has no standing to appeal the court's judgment of their adoption, depriving us of any jurisdiction to address her claim in this point on the merits. *Warren v. Mercantile Bank of St. Louis, N.A.,* 11 S.W.3d 621, 622 (Mo.App. 1999).

Point dismissed.

### Conclusion

The circuit court's judgment terminating the mother's parental rights to Q.M.B. and Q.T.P., under § 211.447.4(2)(d), is affirmed. The mother's claim of error challenging the circuit court's approval of the adoption of Q.M.B. and Q.T.P. by the respondent is dismissed for lack of jurisdiction.

ULRICH, P.J., and SPINDEN, J., concur.