**CITY OF PERRYVILLE, Missouri, A Municipal Corporation, Plaintiff/Respondent,**

v.

**Michael W. NADEAU and Debra A. Nadeau, Defendants/Appellants.**

**No. ED 80763.**

Missouri Court of Appeals, Eastern District, Division One.

Oct. 8, 2002.

---

Michael W. Nadeau, Debra A. Nadeau, Perryville, pro se.

Mary Eftink Boner, John L. Mautino, Buerkle, Beeson, Ludwig, Jackson & Boner, L.C., Jackson, for respondent.

James D. O'Leary, Wuestling & James, L.C., St. Louis, for St. Louis Stabilizing, Inc.

MARY K. HOFF, Judge.

Michael W. Nadeau and Debra A. Nadeau (the Nadeaus) appeal from the circuit court's judgment, entered upon the granting of summary judgment, in favor of City of Perryville (Perryville) on its petition to enforce a special tax bill. We dismiss the appeal due to the Nadeaus' failure to comply with Rules 81.12 and 84.04.

In their brief, the Nadeaus set forth the following as their Points Relied On:

The trial [c]ourt erred in granting the summary judgement to [Perryville] in that:

## I

There is no testimony in the file that the special tax bill # 2298 (L.F.10, 11) was ever introduced into evidence as being duly certified and further properly enacted as required by 88.700 RSMo.

Also further as a municipality, [Perryville] can only speak through its journal and result in ordinances, (RSMo 79.150) and that any contract has to comply with same and be so entered. *Fulton v. City of Lockwood* 269 S.W.2d 1, 8.

## II

Without a certified special tax bill being introduced into evidence, the record is also silent as to any supporting ordinances which would have created the tax bill as required by 88.700 RSMo. Thus nothing is in the record for [the Nadeaus] to attack and nothing for appell[ate] review. In [the Nadeaus'] motions to set aside the summary judgement, such requirements were made notice of to preserve all of defendants['] defenses (L.F.18, 19). Such requirements have to be submitted and be in conformance with law. *City of Excelsior Springs v. Ettenson* 96 S.W. 701, 703 (1906)

## III

On October 26, 2001 the court heard arguments on [Perryville's] motion for summary judgement and [the Nadeaus'] motion against said judgement. (LF 03) and by its order of December 11, 2001, it stated that court "again takes up the above captioned matter ..." (LF 14, 15). However [the Nadeaus] state[] that no notice was given as to a date of December 11, 2001 and that no trial nor testimony was given or taken on said date.

## IV

Though it never came to fruitation [sic] in instant matter and not subject for review by this court, [the Nadeaus'] original arguments were their contention that the workmanship was faulty and [the Nadeaus] had right to question

if said workmanship was in conformity with accepted practices and plans. *Scales v. Butler* 323 S.W.2d 25.

The Legal File contains only the following documents pertaining to the circuit court proceedings: the certification of the circuit court clerk, the circuit court's docket entries, Perryville's petition to enforce a special tax bill, the circuit court's judgment, and the Nadeaus' post-judgment motion, along with attached exhibits.

The Nadeaus are proceeding *pro se* in this appeal. *Pro se* appellants do not receive preferential treatment regarding compliance with rules of appellate procedure and are held to the same procedural rules as attorneys. *Coyne v. Coyne,* 17 S.W.3d 904, 905–06 (Mo.App. E.D.2000).

Rule 81.12(a) requires an appellant to file a record on appeal which "shall contain all of the record, proceedings and evidence necessary to the determination of all questions to be presented . . . to the appellate court for decision." We may dismiss an appeal for an appellant's failure to file an adequate record on appeal. *Id.* at 906. The Nadeaus have failed to file a sufficient record on appeal in this case. In particular, the Nadeaus have not filed a copy of Perryville's motion for summary judgment and supporting documentation, nor a copy of the Nadeaus' materials in opposition to that motion. Where, as here, an appeal focuses on the disposition of a motion for summary judgment, "[a] proper review cannot be completed from a record so defective that it fails to notify this court of the contents of the motion in question." *Snelling v. Southwestern Bell Tel. Co.,* 996 S.W.2d 601, 603 (Mo.App. E.D.1999).

The Nadeaus urge they relied on the subsequent portion of Rule 81.12 which states "[t]he legal file shall always include . . . motions and orders after judgment" as not requiring the filing of copies of pre-judgment motions. While that part of the Rule expressly refers to post-judgment motions and orders, that part of the Rule is not a listing of the only things that may be in a Legal File. Rather, that portion of Rule 81.12 lists those items that must be part of the Legal File, without excluding other parts of the circuit court record that are necessary to the resolution of the issues on appeal. Missouri case law clearly requires that an appellant file a copy of a summary judgment motion that is the subject of an appeal. *See, e.g., Snelling, supra.*

Violations of Rule 84.04 may also constitute grounds for dismissing an appeal. *Faulkerson v. Norman,* 77 S.W.3d 43 (Mo. App. E.D.2002) (appeal dismissed due to violations of Rules 84.04(c), 84.04(d), 84.04(e), and 84.04(i)). With respect to each point on appeal, Rule 84.04(d) requires an appellant (1) to identify the trial court ruling or action being challenged, (2) to state concisely the legal reasons for the claim of reversible error; and (3) to explain in summary fashion why, in the context of the case, those legal reasons support the claims of reversible error. In *Thummel v. King,* 570 S.W.2d 679 (Mo. banc 1978), the Missouri Supreme Court noted Rule 84.04(d) requires that each point relied on consist of three elements. *Id.* at 685–86. First, the appellant must "concisely state[]" the trial court ruling being challenged. *Id.* at 686. Second, the appellant must set forth the rule of law the trial court should have applied. *Id.* Third, the point must state what testimony or evidence supports the rule of law appellant suggests should have been applied. *Id.* at 685, 686.

Here, the Nadeaus failed to comply with Rule 84.04(d) for at least two reasons. First, they did not set forth the rule of law the circuit court should have applied or the legal reasons for the allegedly reversible error. Second, the Nadeaus did not speci-

fy the evidentiary basis supporting application of the rule of law suggested by the Nadeaus.

Additionally, we note the argument portion of the Nadeaus' brief is insufficient because the Nadeaus did not restate each point before discussing the alleged error raised in the point and they did not set forth the applicable standard of review as required by Rule 84.04(e). *See* Rule 84.04(e); *State v. Anderson,* 37 S.W.3d 821, 822 (Mo.App. E.D.2001).

Appeal is dismissed. Perryville's motion to dismiss is denied as moot and its motion for attorney fees is denied.

ROBERT G. DOWD, JR., Presiding Judge and GEORGE W. DRAPER III, Judge: Concur.