**2030 DELMAR, L.L.C., Appellant,**

v.

**BOA CONSTRUCTION COMPANY, Respondent.**

**No. ED 83243.**

Missouri Court of Appeals, Eastern District, Division Three.

May 17, 2005.

Joseph K. Robbins, St. Louis, MO, for appellant.

Brian E. McGovern, Chesterfield, MO, for respondent.

Before CLIFFORD H. AHRENS, J., NANNETTE A. BAKER, J. and GLENN A. NORTON, J.

### *ORDER*

PER CURIAM.

2030 Delmar, L.L.C. sued Boa Construction Company for breach of contract. Following a bench trial, the court found the contract to be unenforceable because Boa entered into it under duress and, although Boa continued to work on the project, it did so under duress and did not ratify the contract. The court denied the LLC's claim and awarded damages to Boa on its *quantum meruit* counterclaim. The LLC appeals.

The LLC does not challenge the trial court's findings or conclusions regarding duress, except to state, in its reply brief, that "Boa continued to work and ratified the contract after the alleged element of duress had been removed." We do not consider arguments raised for the first time in a reply brief. *Coyne v. Coyne*, 17 S.W.3d 904, 906 (Mo.App. E.D.2000). Since we affirm the trial court's conclusion that the contract was unenforceable on the basis of duress, the LLC's arguments regarding the existence of consideration to support the contract and damages on his contract claim are moot.

We also find no merit in the LLC's challenge to the amount that the trial court awarded Boa on its counterclaim. The LLC wholly fails to identify which of the charges listed in Boa's itemization of damages were incorrect and has not included the exhibit containing that itemization in the record on appeal.

We have reviewed the parties' briefs and the record on appeal and find no error of law. The judgment is supported by substantial evidence and is not against the weight of the evidence. An extended opinion would have no precedential value. The judgment is affirmed under Rule 84.16(b).