

# In the Missouri Court of Appeals
# Eastern District

## DIVISION TWO

| | | |
|---|---|---|
| O.H.B. and E.K.B., by next friend S.M.B., and S.M.B., individually, | ) | ED110427 |
| | ) | |
| Appellants, | ) | Appeal from the Circuit Court of |
| | ) | Cape Girardeau County |
| v. | ) | 21CG-DR00021 |
| | ) | |
| L.Y.S., | ) | Honorable Julia M. Koester |
| | ) | |
| Respondent. | ) | Filed: March 21, 2023 |

S.M.B. (hereinafter "Father") appeals a judgment ordering Father and L.Y.S. (hereinafter "Mother") to share joint legal and physical custody of their two minor children and ordering him to pay $633 per month in child support. Father's first point claims the judgment is against the weight of the evidence and misapplies the law by not awarding substantially equal parenting time.[1]

---

[1] Father's claim the circuit court misapplied the law is distinct from his claim the judgment is against the weight of the evidence. *Ivie v. Smith*, 439 S.W.3d 189, 199 n.11. Father's first point is therefore multifarious in violation of Rule 84.04(d). *Id.* We will, however, gratuitously review the point because the argument sufficiently apprises this Court of the basis of Father's appeal. *Lexow v. Boeing Co.*, 643 S.W.3d 501, 510 (Mo. banc 2022). We remind counsel that within the last year, both this Court and the Missouri Supreme Court have repeatedly dismissed appeals or individual points relied on due to counsel's noncompliance with the clear, unequivocal, and mandatory briefing requirements in Rule 84.04. *See eg.*, *Lexow*, 643 S.W.3d at 510; *Wilson v. Schmelzer*, 653 S.W.3d 913, 917 (Mo. App. E.D. 2022); *Gan v. Schrock*, 652 S.W.3d 703, 711 (Mo. App. W.D. 2022); *Young v. Missouri Dep't of Soc. Servs.*, 647 S.W.3d 73, 78 (Mo. App. E.D. 2022); *Jefferson v. Missouri Dep't of Soc. Servs.*, 648 S.W.3d 50, 55 (Mo. App. E.D. 2022); *Schultz v. Bank of Am. Merrill Lynch Credit Corp.*, 645 S.W.3d 689, 697 (Mo. App. E.D. 2022) (dismissing appellant's first point relied on).

In his second point, Father claims the circuit court erroneously calculated child support based on the allegedly incorrect custody determination. We affirm the circuit court's judgment.

**Factual and Procedural Background**

Mother and Father are unmarried and have two children, O.H.B. and E.K.B. At the time of trial, O.H.B was eight and E.K.B was eleven. In 2016, Father moved out of Mother's residence. They agreed to an informal shared custody arrangement under which Father had the children every other weekend. In 2019, they agreed Father would have custody of the children every other Wednesday through Sunday. They followed that schedule during the two and one-half years preceding trial.

In January 2021, Father filed a petition for a declaration of paternity, custody and support. Mother filed a counter-petition seeking a declaration of paternity, custody, and support. Following a bench trial, the circuit court entered a judgment establishing Father's paternity, ordering a parenting plan, and establishing his child support obligation. After Father filed a motion for a new trial, the court issued an amended judgment granting the parties physical custody of the children as they agree and providing Father, at a minimum, parenting time from 4:00 p.m. every other Wednesday until 4:00 p.m. the following Sunday. The court also ordered parenting time for Father on alternating holidays and alternating weeks during the summer. The court made findings based on the section 452.375.2[2] factors and found it to be in the best interests of the children for Mother and Father to share joint legal and physical custody. The court also ordered Father to pay $633 per month in child support. This appeal follows.

---

[2] All statutory citations are to RSMo Supp. 2021.

**Standard of Review**

"We review a bench-tried case under the standard outlined in *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976)." *Prevost v. Silmon*, 645 S.W.3d 503, 511 (Mo. App. W.D. 2022). Accordingly, the judgment will be affirmed "unless there is no substantial evidence to support it, it is against the weight of the evidence, or it erroneously declares or applies the law." *Id.* The circuit court's legal conclusions are reviewed *de novo*. *Int. of D.L.P.*, 638 S.W.3d 82, 96 (Mo. App. E.D. 2021).

**Analysis**

1. *The judgment is not against the weight of the evidence.*

Section 452.375.2 requires the circuit court "determine custody in accordance with the best interests of the child" by considering the following non-exclusive set of eight factors:

(1) The wishes of the child's parents as to custody and the proposed parenting plan submitted by both parties;

(2) The needs of the child for a frequent, continuing and meaningful relationship with both parents and the ability and willingness of parents to actively perform their functions as mother and father for the needs of the child;

(3) The interaction and interrelationship of the child with parents, siblings, and any other person who may significantly affect the child's best interests;

(4) Which parent is more likely to allow the child frequent, continuing and meaningful contact with the other parent;

(5) The child's adjustment to the child's home, school, and community;

(6) The mental and physical health of all individuals involved, including any history of abuse of any individuals involved….;

(7) The intention of either parent to relocate the principal residence of the child; and

(8) The wishes of a child as to the child's custodian….

3

The circuit considered the statutory factors and specifically found both parents love the children, the children are not lacking family time, both parents are capable of working together to ensure the other has time with children, the children are well-adjusted, there are no allegations of abuse, and neither party intends to relocate. The court also found Mother's parenting plan essentially formalized the plan the parties have used for the preceding two and a half years and that both parties acknowledged the schedule had been working. Based on these findings, the court ordered the parties to share joint legal and physical custody, with Father having parenting time every other Wednesday through Sunday as well as on alternating holidays and alternating weeks during the summer.

Father claims the judgment is against the weight of the evidence. An against-the-weight-of-the-evidence challenge presupposes the existence of substantial evidence supporting the judgment and requires an appellate court to assess the persuasive value of the evidence. *Holm v. Wells Fargo Home Mortgage, Inc.*, 514 S.W.3d 590, 596 (Mo. banc 2017). Father must show the circuit court "could not have reasonably found, from the record at trial, the existence of a fact that is necessary to sustain the judgment." *Ivie v. Smith*, 439 S.W.3d 189, 206 (Mo. banc 2014). "The against-the-weight-of-the-evidence standard serves only as a check on a circuit court's potential abuse of power in weighing the evidence, and an appellate court will reverse only in rare cases, when it has a firm belief that the decree or judgment is wrong." *Id*. at 206.

To ensure appellate courts do not intrude on the circuit court's role as the finder of fact, a viable against-the-weight-of-the-evidence claim must follow a specific analytical framework. The appellant must:

> (1) identify a challenged factual proposition, the existence of which is necessary to sustain the judgment;

4

(2) identify all of the favorable evidence in the record supporting the existence of that proposition;

(3) identify the evidence in the record contrary to the belief of that proposition, resolving all conflicts in testimony in accordance with the trial court's credibility determinations, whether explicit or implicit; and,

(4) demonstrate why the favorable evidence, along with the reasonable inferences drawn from that evidence, is so lacking in probative value, when considered in the context of the totality of the evidence, that it fails to induce belief in that proposition.

*Wille v. Curators of Univ. of Missouri,* 627 S.W.3d 56, 66 (Mo. App. E.D. 2021) (quoting *Houston v. Crider*, 317 S.W.3d 178, 187 (Mo. App. S.D. 2010)). An argument failing to comply with this framework "provides no support" for the point on appeal. *In Interest of N.L.W.*, 534 S.W.3d 887, 899 (Mo. App. S.D. 2017) (internal quotation omitted).

In his initial brief, Father argues the circuit court should have awarded him more time with the children because the court's analysis of the section 452.375 factors included no negative findings against him. He argues the sole basis for the circuit court's custody award was that the parties had followed the same custody arrangement for the preceding two and one-half years. Thus, Father concludes "the total sum of facts … contained within the judgment" were "insufficient" to support the judgment.

Father's argument does not mention or apply the required analytical framework for an against-the-weight-of-the-evidence claim. His argument focuses on the facts found in the judgment and summarily concludes those facts are insufficient. Father's failure to identify the favorable evidence and unfavorable evidence in the record or demonstrate why the court's judgment is based on unpersuasive evidence does not meet the mark. This Court, as a neutral arbiter, will not parse the record to make an appellant's argument. Father did not show the circuit court "could not have reasonably found, from the record at trial, the existence of a fact that is

5

necessary to sustain the judgment." *Ivie*, 439 S.W.3d at 206; *see also Wille,* 627 S.W.3d at 66.

Therefore, Father's claim the judgment is against the weight of the evidence necessarily fails.[3]

2. *The circuit court did not misapply the law.*

Father's first point also asserts the circuit court misapplied the law by ordering joint physical custody without awarding substantially equal time with the children. He relies on *Morgan v. Morgan*, 497 S.W.3d 359 (Mo. App. E.D. 2016), for the proposition the parenting plan incorporated into the judgment does not qualify as joint physical custody pursuant to section 452.375.1(3).

Section 452.375.1(3) defines the term "joint physical custody" as:

[A]n order awarding each of the parents ***significant, but not necessarily equal***, periods of time during which a child resides with or is under the care and supervision of each of the parents. Joint physical custody shall be shared by the parents in such a way as to assure the child of frequent, continuing and meaningful contact with both parents[.]

(Emphasis added). In *Morgan*, this Court held a judgment establishing a "Siegenthaler Schedule" awarding a parent physical custody every other weekend, one weekly visit, six weeks during summer break, and alternating holidays and birthdays was ***not*** an award of joint physical custody. *Morgan*, 497 S.W.3d at 369-70. *Morgan* is premised on the conclusion the custody arrangement at issue did not provide both parents with the requisite "significant, but not necessarily equal, periods of time" to meet the statutory definition of joint physical custody. Specifically, this Court reasoned "[two] overnight visitations every fourteen days—is not 'significant' custodial time" and, therefore, does not meet the definition of joint physical custody. *Id*. at 370.

---

[3] Father supplements his initial brief by attempting, for the first time, to provide the necessary analysis in his reply brief. "Appellate courts are generally precluded from addressing assertions made for the first time in a reply brief because a respondent has no opportunity to address the argument." *Coyne v. Coyne*, 17 S.W.3d 904, 906 (Mo. App. E.D. 2000) (citing *Berry v. State,* 908 S.W.2d 682, 684 (Mo. banc 1995)). This Court therefore declines to address Father's arguments made for the first time in his reply brief.

6

*Morgan* is materially distinguishable from this case. First, unlike *Morgan*, where the dissolution decree failed to state whether physical custody was joint or sole, the judgment in this case expressly provides Mother and Father shall have joint legal and physical custody. The circuit court's designation of the custodial arrangement as joint physical custody is important because this Court "must give weight to the prior child custody decree's designation of the physical custody arrangement so long as said designation complies with the statutory definition of joint physical custody." *Morgan*, 497 S.W.3d at 368–69 (citing *Russell v. Russell*, 210 S.W.3d 191, 197 (Mo. banc 2007)).

Second, unlike *Morgan*, the circuit court's express designation of joint physical custody is consistent with the fact the court awarded Father significantly more custodial time than did the judgment in *Morgan*. While the parent in *Morgan* had custody for two nights every 14 days, Father has **twice** that amount, having physical custody of the children four nights every 14 days, in addition to alternating holidays and alternating weeks during the summer. Under these circumstances, this Court declines to hold Father's custodial time is so insignificant that he does not, as a matter of law, share joint physical custody of the children. Point I is denied.

3. *The circuit court's child support order is not erroneous.*

In support of his second point, Father argues the circuit court's child support award "will be erroneous upon correction" of the custody issue raised in Point I. This argument is contingent on the success of the first point. Because Father's first point lacks merit, his second point necessarily fails. Point II is denied.

7

## Conclusion

We affirm the circuit court's judgment.

_Renée Hardin-Tammons_
Renée Hardin-Tammons, Judge

Lisa P. Page, P.J. and
Thomas C. Clark, II, J., concur.